THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4798
Tel.: (415) 951-0535
Fax: (415) 391-7808
Email: herlihy@kelher.com
jferry@kelher.com

Attorneys for Defendants
UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION), UNUM CORPORATION (a now non-existent entity, properly referred to as Unum Group) and METLIFE INSURANCE COMPANY (successor in interest by merger to NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CLAUDIA L. BLAKE

Plaintiff,

vs.

UNUMPROVIDENT CORPORATION; UNUM CORPORATION, NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE, and DOES 1 through 20 inclusive,

Defendants

Case No.: C 07 4366 EMC

**ANSWER OF DEFENDANTS UNUMPROVIDENT CORPORATION, UNUM CORPORATION AND NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT**

Comes now Defendants Unum Group (formerly known as UnumProvident Corporation), Unum Corporation (a now non-existent entity that on June 30, 1999 merged with and into Provident Companies, Inc., which company amended its charter on June 30, 1999 to change its name to UnumProvident Corporation, properly referred to as Unum Group) (collectively hereinafter "Unum") and MetLife Insurance Company (successor in interest by merger to New England Mutual Life Insurance Company (all defendants collectively hereinafter "Defendants") and answer the complaint ("complaint") filed by plaintiff Claudia L. Blake ("plaintiff") in this action as follows:

**PRELIMINARY ALLEGATIONS**

1. Answering the allegations of paragraph 1 of the complaint, Defendants are without information or belief to answer said allegations and based thereon denies said allegations.

2. Answering the allegations of paragraph 2 of the complaint, Defendants deny the allegations.

3. Answering the allegations of paragraph 3 of the complaint, Defendants admit that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as a defendant herein.

4. Answering the allegations of paragraph 4 of the complaint, Defendants admit the allegations.

5. Answering the allegations of paragraph 5 of the complaint, Unum denies the allegations.

6. Answering the allegations of paragraph 6 of the complaint, Defendants admit that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as

a defendant herein.

7. Answering the allegations of paragraph 7 of the complaint, Defendants deny the allegations.

8. Answering the allegations of paragraph 8 of the complaint, Defendants admit that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as a defendant herein.

9. Answering the allegations of paragraph 9 of the complaint, Defendants admit that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as a defendant herein.

10. Answering the allegations of paragraph 10 of the complaint, Defendants deny the allegations.

11. Answering the allegations of paragraph 11 of the complaint, Unum denies the allegations.

12. Answering the allegations of paragraph 12 of the complaint, Defendants deny the allegations.

13. Answering the allegations of paragraph 13 of the complaint, Defendants admit only that J. Harold Chandler served as the President and CEO of UnumProvident Corporation until 2003. Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as a defendant herein.

14. Answering the allegations of paragraph 14 of the complaint, Unum admits that one of its principal places of business is in Chattanooga, Tennessee.

15. Answering the allegations of paragraph 15 of the complaint, Defendants admit that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as a defendant herein.

16. Answering the allegations of paragraph 16 of the complaint, Defendants admit that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as a defendant herein. Defendants further deny that Unum issued the policies at issue herein. Under the terms of a reinsurance treaty, Paul Revere Life Insurance Company administered the policies originally issued by New England Mutual Life Insurance Company, the predecessor in interest to MetLife Insurance Company.

17. Answering the allegations of paragraph 17 of the complaint, Defendants deny the allegations and admit only that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as a defendant herein.

18. Answering the allegations of paragraph 18 of the complaint, Defendants deny the allegations and admit only that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as a defendant herein.

19. Answering the allegations of paragraph 19 of the complaint, Defendants deny the allegations.

20. Answering the allegations of paragraph 20 of the complaint, Defendants deny the allegations.

21. Answering the allegations of paragraph 21 of the complaint, Defendants admit that Unum Group is the successor entity to UnumProvident Corporation and is incorporated in the State of Delaware and having its principal places of business in Chattanooga, Tennessee, and Portland, Maine. Defendants further state that plaintiff improperly named Unum Corporation as a defendant herein. Defendants deny the remaining allegations of said paragraph.

22. Answering the allegations of paragraph 22 of the complaint, Defendants deny the characterizations contained in the allegations.

23. Answering the allegations of paragraph 23 of the complaint, Defendants are without information or belief as to the details of the investigation by the Department of Insurance and based thereon, deny said allegations

24. Answering the allegations of paragraph 24 of the complaint, Defendants deny the allegations.

**FIRST CAUSE OF ACTION**

25. Answering the allegations of paragraph 25 of the complaint, Defendants incorporate by reference their responses to paragraphs 1-24 as though set forth in this cause of action.

26. Answering the allegations of paragraph 26 of the complaint, Defendants admits that two policies of insurance were issued to Plaintiff, but denies that they were issued by UnumProvident, Unum or their subsidiaries. The two policies of insurance were issued by New England Mutual Life Insurance Company and are administered by Unum under a reinsurance treaty.

27. Answering the allegations of paragraph 27 of the complaint, Defendants are without information or belief to answer said allegations and based thereon deny said allegations.

28. Answering the allegations of paragraph 28 of the complaint, Defendants deny the allegations.

29. Answering the allegations of paragraph 29 of the complaint, Defendants deny the allegations.

30. Answering the allegations of paragraph 30 of the complaint, Defendants deny the allegations.

31. Answering the allegations of paragraph 31 of the complaint, Defendants are without information or belief to answer the allegations related to plaintiff's prescription medication and based thereon deny said allegations. Defendants deny the remaining allegations of said paragraph.

32. Answering the allegations of paragraph 32 of the complaint, Defendants admit that Plaintiff made a claim for disability benefits and that said claim was denied.

33. Answering the allegations of paragraph 33 of the complaint, Defendants deny the allegations.

34. Answering the allegations of paragraph 34 of the complaint, Defendants deny the allegations.

35. Answering the allegations of paragraph 35 of the complaint, Defendants deny the allegations.

**SECOND CAUSE OF ACTION**

36. Answering the allegations of paragraph 36 of the complaint, Defendants incorporate by reference their responses to paragraphs 1-35 as though fully set forth herein.

37. Answering the allegations of paragraph 37 of the complaint, Defendants deny the allegations.

38. Answering the allegations of paragraph 38 of the complaint, Defendants deny the allegations.

39. Answering the allegations of paragraph 39 of the complaint, Defendants deny the allegations.

40. Answering the allegations of paragraph 40 of the complaint, Defendants deny the allegations.

41. Answering the allegations of paragraph 41 of the complaint, Defendants deny the allegations.

42. Answering the allegations of paragraph 42 of the complaint, Defendants deny the allegations.

43. Answering the allegations of paragraph 43 of the complaint, Defendants deny the allegations.

44. Answering the allegations of paragraph 44 of the complaint, Defendants deny the allegations.

45. Answering the allegations of paragraph 45 of the complaint, Defendants deny the allegations.

46. Answering the allegations of paragraph 46 of the complaint, Defendants deny the allegations.

47. Answering the allegations of paragraph 47 of the complaint, Defendants deny the allegations.

48. Answering the allegations of paragraph 48 of the complaint, Defendants deny the allegations.

**THIRD CAUSE OF ACTION**

49. Answering the allegations of paragraph 49 of the complaint, Defendants incorporate by reference their responses to each and every paragraph of the complaint as though fully set forth herein.

50. Answering the allegations of paragraph 50 of the complaint, Defendants admit that they agreed to act in good faith and deal fairly with the plaintiff. Defendants deny the remaining allegations of said paragraph.

51. Answering the allegations of paragraph 51 of the complaint, Defendants deny the allegations.

52. Answering the allegations of paragraph 52 of the complaint, Defendants deny the allegations.

53. Answering the allegations of paragraph 53 of the complaint, Defendants deny the allegations.

54. Answering the allegations of paragraph 54 of the complaint, Defendants deny the allegations.

55. Answering the allegations of paragraph 55 of the complaint, Defendants deny the allegations.

56. Answering the allegations of paragraph 56 of the complaint, Defendants deny the allegations.

57. Answering the allegations of paragraph 57 of the complaint, Defendants deny the allegations.

58. Answering the allegations of paragraph 58 of the complaint, Defendants deny the allegations.

59. Answering the allegations of paragraph 59 of the complaint, Defendants deny the allegations.

60. Answering the allegations of paragraph 60 of the complaint, Defendants deny the allegations.

61. Answering the allegations of paragraph 61 of the complaint, Defendants deny the allegations.

62. Answering the allegations of paragraph 62 of the complaint, Defendants deny the allegations.

63. Answering the allegations of paragraph 63 of the complaint, Defendants deny the allegations.

64. Answering the allegations of paragraph 64 of the complaint, Defendants deny the allegations.

65. Answering the allegations of paragraph 65 of the complaint, Defendants deny the allegations.

66. Answering the allegations of paragraph 66 of the complaint, Defendants deny the allegations.

67. Answering the allegations of paragraph 67 of the complaint, Defendants deny the allegations.

68. Answering the allegations of paragraph 68 of the complaint, Defendants deny the allegations.

**FOURTH CAUSE OF ACTION**

69. Answering the allegations of paragraph 69 of the complaint, Defendants incorporate by reference their responses to each and every paragraph of the complaint as though fully set forth herein.

70. Answering the allegations of paragraph 70 of the complaint, Defendants deny the allegations.

71. Answering the allegations of paragraph 71 of the complaint, Defendants deny the allegations.

72. Answering the allegations of paragraph 72 of the complaint, Defendants deny the allegations.

73. Answering the allegations of paragraph 73 of the complaint, Defendants deny the allegations.

74. Answering the allegations of paragraph 74 of the complaint, Defendants deny the allegations.

75. Answering the allegations of paragraph 75 of the complaint, Defendants deny the allegations.

76. Answering the allegations of paragraph 76 of the complaint, Defendants deny the allegations.

77. Answering the allegations of paragraph 77 of the complaint, Defendants deny the allegations.

78. Answering the allegations of paragraph 78 of the complaint, Defendants deny the allegations.

79. Answering the allegations of paragraph 79 of the complaint, Defendants deny the allegations.

80. Answering the allegations of paragraph 80 of the complaint, Defendants deny the allegations.

81. Answering the allegations of paragraph 81 of the complaint, Defendants deny the allegations.

**FIFTH CAUSE OF ACTION**

82. The allegations in the Fifth Cause of Action (paragraphs 82 through 93 of the complaint) are not directed at these answering Defendants, but to the extent that any allegations contained therein refer to the conduct of these answering Defendants, Defendants deny said allegations.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

As a first affirmative defense, Defendants allege that neither plaintiff's complaint nor any claim for relief therein state facts sufficient to constitute a claim for relief against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

As a second affirmative defense, Defendants allege, on information and belief, that through plaintiff's conduct, to be determined by the court as comparative or contributory fault, plaintiff has waived and relinquished, or is estopped to assert, every claim for relief asserted in his complaint.

**THIRD AFFIRMATIVE DEFENSE**

As a third affirmative defense, Defendants allege, on information and belief, that any damages sustained by plaintiff by reason of the events alleged in her complaint were proximately caused or contributed to by plaintiff's conduct, to be determined by the court.

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth affirmative defense, Defendants allege, on information and belief, that plaintiff's damages and/or policy benefits, to be determined by the court, are subject to reduction and/or elimination pursuant to offset and/or policy limitations.

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth affirmative defense, Defendants allege that plaintiff has failed to satisfy all conditions precedent to receipt of benefits under the policy.

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth affirmative defense, Defendants allege, on information and belief, that plaintiff, as to be determined by the court, is barred and estopped by the equitable doctrine of unclean hands from seeking or obtaining any recovery against Defendants by reason of his complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh affirmative defense, Defendants deny that plaintiff has sustained any injury or damage by any act or omission by Defendants. However, if it is established that plaintiff suffered an injury or damage for which Defendants are held liable, Defendants allege that such injury or damage is to be determined by the court as proximately caused or contributed to by the intervening negligence or wrongful acts of plaintiff, or others acting for or on her behalf and that those negligent and/or wrongful acts by plaintiff or others, eliminate and/or reduce any damages plaintiff can recover from Defendants in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth affirmative defense, Defendants allege that any and all losses or damages sustained by plaintiff, as a result of the occurrences alleged in the complaint, are to be determined by the court as proximately caused in whole or in part by the negligence or fault of persons or entities other than Defendants, and for whom Defendants are not responsible. The negligence and fault of other persons or entities eliminates or reduces any damages plaintiff may recover from Unum in this action.

**NINTH AFFIRMATIVE DEFENSE**

As a ninth affirmative defense, Defendants allege that plaintiff, as to be determined by the court, failed to exercise reasonable care and diligence to mitigate her damages, if she has any. As a consequence, plaintiff's claim should be barred, or alternatively, any damages awarded to plaintiff should be reduced in proportion to plaintiff's fault in failing to mitigate his damages.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth affirmative defense, Defendants allege that plaintiff's claims for relief, as to be determined by the court, are barred by the principle of unjust enrichment.

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh affirmative defense, Defendants allege that each and every act or statement done or made by Defendants, or by Defendants agents or employees, with reference to plaintiff, before and after plaintiff filed her original complaint, was privileged as a good faith assertion of Defendants' legal and contractual rights.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth affirmative defense, Defendants allege that plaintiff is not entitled to any further benefits or any other compensation from Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a fourteenth affirmative defense, Defendants allege that plaintiff's claims for relief are barred by the parol evidence rule.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a fifteenth affirmative defense, Defendants allege that plaintiff's complaint is barred by the applicable statutes of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a sixteenth affirmative defense, Defendants allege that plaintiff does not have standing to bring this action pursuant to a claim decision under the Regulatory Settlement Agreement.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a seventeenth affirmative defense, Defendants allege that plaintiff does not have standing to bring this action pursuant to a claim decision under the California Settlement Agreement.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As an eighteenth affirmative defense, Defendants allege that their claim decision was correct and proper under the terms of the Plan and/or Group Policy.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As a nineteenth affirmative defense, Defendants allege that plaintiff, by virtue of the legal doctrines of waiver and laches, as to be determined by the court, is estopped from pursuing some or all of the claims alleged against Unum.

**NINETEENTH AFFIRMATIVE DEFENSE**

As a twentieth affirmative defense, Defendants allege that plaintiff is not entitled to, attorneys' fees, or damages in the amount of future benefits pursuant to any of the claims for relief alleged in her complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

As a twenty-first affirmative defense, Defendants allege that plaintiff's damage claim, if any, is limited by the provisions of Insurance Code Section 10111.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As a twenty-second affirmative defense, Defendants allege that plaintiff's remedy for any alleged breach of contract is limited by California Civil Code Sections 3300 and 3302.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As a twenty-third affirmative defense, Defendants alleges that Plaintiff has failed to allege, and has no facts to prove, under the clear and convincing standard, the oppression, fraud, or malice required for an award of punitive damages pursuant to California Civil Code Section 3294.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

As a twenty-fourth affirmative defense, Defendants allege that an award of punitive damages and/or injunctive relief violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

As a twenty-fifth affirmative defense, Defendants allege that any award of punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

As a twenty-sixth affirmative defense, Defendants allege that Plaintiff is not entitled to punitive damages, attorneys' fees, or damages in the amount of benefits pursuant to any of the causes of action alleged in his Complaint.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

As a twenty-seventh affirmative defense, Defendants allege that Plaintiff's complaint and each and every cause of action therein, is barred by Plaintiff's failure to exhaust her administrative remedies.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

As a twenty-ninth affirmative defense, Defendants reserve their right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment to be determined by the court/jury in its favor as follows:

1. That plaintiff take nothing by reason of her complaint on file herein;
2. That Defendants be awarded their costs and expenses incurred in this action;
3. That Defendants be awarded their attorneys' fees incurred in this action; and
4. That Defendants recover such other and further relief as the Court may deem just and proper.

KELLY, HERLIHY & KLEIN LLP

Dated: August ____, 2007 By /s/
John C. Ferry
Attorneys for Defendants
UNUM GROUP (Formerly known as UNUMPROVIDENT CORPORATION), UNUM CORPORATION (a now non-existent entity, properly referred to as Unum Group) and METLIFE INSURANCE COMPANY (successor in interest by merger to NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY

E:\27198\P03.doc