1
Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
2
Bennett M. Cohen, Esq. SBN 90865
3
**BOURHIS & MANN**
1050 Battery Street
4
San Francisco, CA 94111
Tel: (415) 392-4660; Fax: (415) 421-0259
5

6
Attorneys for Plaintiff CLAUDIA BLAKE

7

8
### IN THE UNITED STATES DISTRICT COURT

9
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11
CLAUDIA BLAKE,

12
      Plaintiff,

13
      v.

14

15
UNUMPROVIDENT CORPORAITON; UNUM
CORPORATION, NEW ENGLAND MUTUAL
16
LIFE INSURANCE COMPANY, THE
COMMISSIONER OF THE CALIFORNIA
17
DEPARTMENT OF INSURANCE and DOES 1
through 20, inclusive
18

19
      Defendants.

20

21

| | |
|---|---|
| ) Case No.:  C 07-4366 EMC **(E-FILING)** | |
| ) | |
| ) PLAINTIFF CLAUDIA BLAKE'S | |
| ) MOTION FOR REMAND BACK TO | |
| ) STATE COURT AND REQUEST FOR | |
| ) COSTS AND FEES (28 U.S.C. §§ 1332 | |
| ) and 1447(c)) | |
| ) | |
| ) [Filed concurrently with Plaintiff's Notice | |
| ) of Motion; Declarations of Bennett M. | |
| ) Cohen] | |
| ) | |
| ) DATE:  Wednesday,  November 14, 2007 | |
| ) TIME:   10:30 A.M. | |
| ) DEPT:  Courtroom C, 15th Floor | |
| ) | |
| TRIAL DATE:  Not Yet Set | |

22

23

24

25

26

27

28

## TABLE OF CONTENTS

| | | | Page(s) |
|---|---|---|---|
| I. | INTRODUCTION ................................................................................ | | 1 |
| II. | NATURE OF CASE ........................................................................ | | 2 |
| III. | ISSUES TO BE ADJUDICATED ................................................... | | 2 |
| IV. | LEGAL ARGUMENT..................................................................... | | 3 |
| | A. | DEFENDANT INSURER HAS THE BURDEN TO ESTABLISH FRAUDULENT JOINDER ..................................... | 3 |
| | | 1) Defendant Insurer Has The Burden To Establish Fraudulent Joinder By Showing That Plaintiff Has Failed To Allege Any Viable Cause of Action Against The Commissioner And The Failure Is "Obvious" According To The "Settled Rules" Of The State ................................................................... | 3 |
| | | 2) The Law Is Well Settled That Plaintiff Has A Viable Cause Of Action Under State Law Against The Commissioner.................... | 5 |
| | | a. The California Insurance Code Expressly Provides That The Commissioner's Actions Are Subject To Judicial Review...... | 5 |
| | | b. Case Law From Both The California Courts And The Ninth Circuit Expressly Grant An Insured The Right To Seek Judicial Review Of The Commissioner's Actions With Respect To His Approval Of Policy Provisions By Means Of A Writ of Mandamus.............................................................. | 6 |
| | | 3) As The Commissioner Is Not A "Citizen" Of Any State, His Presence In This Action Necessarily Destroys Diversity Of Citizenship ......................................................................... | 9 |
| | | 4) As Plaintiff Has No Other Adequate Remedy Available To Her, She Need Not Exhaust Administrative Remedies To Assert A Cause Of Action Against The Commissioner................ | 12 |
| | | 5) Apart From The Particular California And Federal Cases Cited Which Expressly Authorize Plaintiff's Action For Mandamus Against The Commissioner, California Case Law Clearly Authorizes A Cause Of Action (i) To Reverse The Commissioner's Actions If He Abused His Disrection Or (ii) To Compel The Commissioner To Exercise His Discretion If He Has Not Done So In Accordance With His Mandatory Duty ... | 13 |
| | | 6) Defendant Insurer's Assertions About Plaintiff's Counsel's Failure To Secure A Judgment Against The Commissioner In Prior Cases Are Legally Irrelevant To Adjudicating A Motion To Remand.......................................................................... | 15 |
| | | a. As A Party's Motive For Joining A Defendant Is Immaterial To The Issue Of Fraudulent Joinder, Defendant Insurer Cannot Establish Fraudulent Joinder By Attacking Plaintiff's Motives In Joining The Commissioner........................................... | 15 |

i

## TABLE OF CONTENTS

| | | Page(s) |
|---|---|---|

b. Apart From The False Issue Of Motive, Defendant Insurer's Description Of The Cases Handled By Plaintiff's Counsel Is Misleading As None Of The Cases In Which The Commissioner Was A Defendant Proceeded To Trial Against Any Defendant .................................................................................... 16

7) Defendant Insurer Cannot Establish Under Settled California Law That It Is "Obvious" That Plaintiff's Mandamus Cause Of Action Against The Commissioner Is Time-Barred ....................... 17

a. Cases Within The Northern District Have Held That Plaintiff's Action For Mandamus Is Timely Under Code Of Civil Procedure Section 338 ............................................................. 17

b. Not Until Defendant Insurer Denied Plaintiff's Claim was There An Actual "Case Or Controversy" Involving The Issue Of Commissioner's Abuse Of Discretion And/Or His Failure To Discharge A Mandatory Duty; Not Until The Insurer Denies The Plaintiff's Claim And Thereby Causes Injury Does His Cause Of Action For Mandamus Against The Commissioner Accrue................................................................. 18

8) That The Remedy Of Revocation Of A Policy Provision In An Action For Mandamus Is Prospective And Might Not Personally Benefit The Plaintiff Does Not Negate Plaintiff's Cause Of Action For Mandamus .................................................... 20

9) California Insurance Code Section 10291.5 Should Be Liberally Construed To Effectuate Its Purposes And Intentions Of Avoiding Ambiguous And Misleading Policy Provisions By Permitting Judicial Review In The Instant Case............................ 24

B. THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE AS DEFENDANT INSDURER HAS FAILED TO PROVE THAT THE AMOUNT IN CONTROVERSY IS WITHIN THIS COURT'S JURISDICTION ................................................................................. 24

C. THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE AS DEFENDANT INSURER HAS FAILED TO ESTABLISH ITS CITZENSHIP AS A FOREIGN CORPORATION ......................................................................... 25

D. DEFENDANT INSURER'S NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE AS THE COMMISSIONER DID NOT JOIN THEREIN AS A REMOVING PARTY ............................... 25

V.   REQUEST FOR COSTS AND FEES ................................................ 25

VI.  CONCLUSION................................................................................. 25

**TABLE OF AUTHORITIES**                                   Page(s)

**FEDERAL CASES**

Albi v. Street & Smith Publications, Inc., 140 F.2d 310 (9th Cir. 1944) ...................... 15

B., Inc. v. Miller Brewing Co., 6663 F.2d 545 (5th Cir. 1981) ................................. 3,4

Borsuk v. Massachusetts Mutual Insurance Company, 2003 U.S. Dist. Lexis

    25259, *25 (N.D. Cal. 2003)...................................................... 1,9,17,18,23

Brazina v. Paul Revere Life Ins. Co., 271 F.Supp.2d 1163

    (N.D. Cal. Cal. 2003)........................................................ 1,2,8,9,10,13,15

Boyer v. Snap-On Tools, 913 F. 108 (3rd Cir. 1990) ..................................... 3

Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)................................. 3

Dodson v. Spiliada Maritime Corp., 951 F.2d 42, 43 ((5th Cir. 1992).......................... 4

Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) .................................... 3

Finley v. U.S., 490 U.S. 545 (1989) ..................................................... 3

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ................................. 3,24

Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) .......................... 4,9

Hangarter v. Paul Revere Life Ins. Co., 2006 U.S. Dist. LEXIS 5295................... 1,2,9,10

Jernigan v. Ashland Oil Co., 989 F. 2d 812, (5th Cir. 1993).............................. 3

Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994) .............................. 3

Ballard v. Anderson, (1971) 4 Cal.3d 863, 885)......................................... 14

McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ...................... 3

Mecom v. Fitzsimmons Drilling Co., 284 U.S. 183 (1931)............................... 15

Morris v. Bridgestone/Firestone, Inc., 985 F.2d 238 (6th Cir. 1993) .......................... 25

Morris v. Princess Cruises, Inc., 236 F.3d 1061 (9th Cir. 2001) ...................... 4,24,25

Parrina v. FHP, Inc, 146 F. 3d 699 (9th Circ. 1998)..................................... 25

Peterson v. American Life & Health Ins. Co.. 48 F.3d 404, 410 (9th Cir.), cert.

    denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995) ........... 1,6,7,8,14

CASE NO.: C-07-4366 EMC
**PLAINTIFF CLAUDIA BLAKES' MOTION FOR REMAND**

## TABLE OF AUTHORITIES

Page(s)

Salveson v. Western States Bankcard Ass'n., 525 F. Supp. 566 525 (N.D. Cal. 1981) ............................................................................................. 3

Societe De Conditionnement En Aluminium v.. Hunter Engineering Co., Inc. 655 F.2d 938 (9th Cir. 1980)................................................................. 19

Steel Company v. Citizens For A Better Environment, 523 U.S. 83 (1998)............... 10

Sullivan v. Unum Life Ins. Co. of Amer., 2004 U.S. Dist. LEXIX 7010 (N.D. 2Cal. 2004)………………………………………………………….. 1,2,8,17,18

Whitmore v. Arkansas, 495 U.S. 149 (1990)................................................. 19

Valdez v. Wal-Mart Stores, Inc., 199 F.3d 290 (5th Cir. 2000) .................................... 25

## STATE CASES

Ballard v. Anderson, (1971) 4 Cal.3d 863, 885)............................................ 14

Bixby v. Pierno, 4 Cal.3d 130 (1970) 93 Cal.Rptr. 234 481 P.2d 242 (Cal. 1971)...... 6,8

Blumhorst v. Jewish Family Services of Los Angeles, (2005) 126 Cal.App.4[th] 993 ... 19,20

Burnett v. Regents of Univ. of Cal., (1995) 35 Cal.App.4[th] 843 ................................. 7

Donabedian v. Mercury Ins., (2004) 116 Cal. App. 4th 968, 983. .............................. 22

Hollman v. Warren, (1948) 32 Cal.2d 351, 355 ................................................. 14

Humane Society of the United States v. State Bd. Of Equalization (2007) 152 Cal.Ap.4[th] 349 ............................................................................... 22,23

Knoff v. City & County of San Francisco, (1969) 1 Cal.App. 3d 184, 197)................. 14

Parris v. Zolin, (1996) 12 Cal.4[th] 839 ............................................................. 21

Rosenbluth Internat, Inc. v. Superior Court, (2002) 101 Cal.App.4[th] 1073................. 22

Schmier v. Supreme Court, (2000) 78 Cal.App.4[th] 703............................................. 19

Sklar v. Franchise Tax Board, (1986) 185 Cal. App.3d 616, 622 .............................. 14

Stop Youth Addictions, Inc. v. Lucky Stores, Inc., (1998) 17 Cal.4[th] 553 .................. 19

Torres v. City of Yorba Linda, (1993) 13 Cal.App.4[th] 1035 ....................................... 19

Van Ness v. Blue Cross of Cal., (2001) 87 Cal.App.4[th] 364 .........................1,6,7,8,14

iv

**CASE NO.: C-07-4366 EMC**
**PLAINTIFF CLAUDIA BLAKES' MOTION FOR REMAND**

## TABLE OF AUTHORITIES                                          Page(s)

### STATUTES

California Insurance Code
  §790.03(h) ........................................................................................... 2
  §12490 ................................................................................................ 21
  §10291.5    ...................................................   2,5,7,8,9,24
  §12921.5(b)(1)..................................................................................... 8
  §12921.5(f) ......................................................................................... 12
  §10291.5(h)  .............................................................   5,8,11,21,24
  §10291.5(i)........................................................................................ 24
  §12921.3  ............................................................................................. 12
  §12921.4  ............................................................................................. 12
  §12921.4(a) ......................................................................................... 12
  §12940    ............................................................................................. 5

Code of Civil Procedure
  §338  ................................................................................................. 17,18
  §338(a)................................................................................................ 18
  §526  ................................................................................................... 22
  §1094.5................................................................................................ 6,8

28 United States Code
  §1447(c) ............................................................................................. 1,25
  §1332 .................................................................................................. 1,9,10

### OTHER

Fair Claims Settlement Practices Regulations,
  10 Cal. Admin Code §2695.1    ……………………………………….. 2

California Business and Professions Code
  §17200………………………………………………………………… 21,22

**CASE NO.: C-07-4366 EMC**
**PLAINTIFF CLAUDIA BLAKES' MOTION FOR REMAND**

## I. **INTRODUCTION**

Plaintiff Claudia Blake ("Plaintiff") respectfully moves for remand of this case to state court pursuant to Title 28 of the United States Code, Sections 1447 and 1332. Under Section 1447, the procedural defects in the Notice Of Removal warrant remand; under Section 1332, the absence of subject matter jurisdiction, additionally, warrants remand.

The principal assertion in the Notice Of Removal filed by Unumprovident Corporation, Unum Corporation and New York Life Insurance Company (hereafter referred to collectively as "Defendant Insurer") is that Plaintiff cannot state a cause of action for mandamus against the Commissioner of the California Department of Insurance ("Commissioner"). Defendant Insurer's assertion, however, *completely disregards* well settled law in both the 9th Circuit and the California courts holding viable this very cause of action.

The 9th Circuit Court of Appeals expressly stated that an insured <u>has</u> a cause of action for mandamus against the Commissioner for the revocation of an insurance policy provision in *Peterson v. American Life & Health Insurance Company et al*, 48 F.3d 404, 410 (9th Cir. 1995), cert. denied, 516 U.S. 942 (1995). The California Court of Appeal expressly stated that an insured <u>has</u> this same cause of action in *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4[th] 364.

Within the Northern District, in bad faith insurance cases indistinguishable from the instant case, at least four different district courts have expressly upheld an insured's cause of action for mandamus against the Commissioner for the revocation of an insurance policy provision. More particularly, the Honorable Marilyn Hall Patel upheld an insured's cause of action for mandamus against the Commissioner in the published case, *Brazina v. Paul Revere Life Ins. Co, et al*, 271 F.Supp.2d 1163 (N.D. Cal. 2003); the Honorable Martin Jenkins upheld this same cause of action in *Sullivan v. Unum Life Ins. Co. of Amer.*, 2004 U.S. Dist. LEXIS 7010 (N.D. Cal. 2004), the Honorable Susan Illston upheld this same cause of action in *Maiolino v. UnumProvident Corporation*, 2004 U.S. Dist. LEXIS 7556 (N.D. Cal. 2004), the Honorable William Alsup upheld this same cause of action in *Hangarter v. Paul Revere Life Ins. Co.*, 2006 U.S. Dist. LEXIS 5295;

Case No.: C 07-4366 EMC **(E-FILING)**
PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

1  the Honorable Vaughn Walker upheld this same cause of action in *Borsuk v. Massachusetts Mutual*

2  *Insurance Company*, 2003 U.S. Dist. Lexis 25259, *25 (N.D. Cal. 2003) -- even though, contrary to

3  the holdings in *Sullivan v. Unum Life Ins. Co. of Amer., supra* and *Maiolino v. UnumProvident*

4  *Corporation, supra,* Judge Walker held the cause of action to be time-barred and denied remand.

5       In *Brazina v. Paul Revere Life Ins. Co, et al, supra, Sullivan v. Unum Life Ins. Co. of Amer.,*

6  *supra, Maiolino v. UnumProvident Corporation,* and *Hangarter v. Paul Revere Life Ins. Co., supra,*

7  the District Court expressly held that the Commissioner was a proper party, diversity of citizenship

8  jurisdiction did not exist, and ordered remand. Similarly, in this case, Defendant Insurer can

9  establish no basis for subject matter jurisdiction. Accordingly, under the authorities cited herein,

10 remand is clearly warranted.

## II.    **NATURE OF CASE**

12      In her complaint -- a complaint which raises no federal question -- Plaintiff alleges that

13 Defendant Insurer wrongfully denied disability benefits owing to her under her policy when she

14 became disabled from her occupation as a certified court reporter. COMPLAINT ¶¶ 25-35. Plaintiff

15 further alleges that she has been injured by the Commissioner's failure: (1) to enforce the

16 mandatory minimum requirements of the California Insurance Code ("Insurance Code") including

17 but not limited to the "standards for approval" under California Insurance Code §10291.5 with

18 respect to the "total disability" provision in Plaintiff's policy; (2) to execute his required duties with

19 respect to Insurance Code §§790.03(h); (3) to execute his required duties with respect to the Fair

20 Claims Settlement Practices Regulations (10 Cal. Admin Code §2695.1 *et seq.*). COMPLAINT ¶¶

21 82-93. *(Plaintiff respectfully requests that the Court take judicial notice of the Complaint and the*

22 *Exhibits thereto.)*

## III.    **ISSUES TO BE ADJUDICATED**

24      The principal issues are: (i) whether Defendant Insurer's Notice Of Removal is procedurally

25 defective and, alternatively, (ii) whether Defendant Insurer has met its burden to prove that, under

26 *settled state law,* it is *obvious* that Plaintiff has no viable cause of action against the Commissioner.

27

28

Case No.: C 07-4366 EMC **(E-FILING)**
PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

# IV. LEGAL ARGUMENT

## A. DEFENDANT INSURER CANNOT ESTABLISH FRAUDULENT JOINDER

### 1. Defendant Insurer Has The Burden To Establish Fraudulent Joinder By Showing That Plaintiff Has Failed To Allege Any Viable Cause Of Action Against The Commissioner And The Failure Is "Obvious" According To The "Settled Rules" Of The State

The United States District Court is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Finley v. U.S.*, 490 U.S. 545 (1989). Federal courts may only adjudicate cases in which there is diversity of citizenship, a federal question, or in which the U.S. is a party. *Kokkonen*, 511 U.S. at 375. The burden of establishing that a federal court has subject matter jurisdiction over a civil action rests upon the party asserting jurisdiction. *Id.* at 377. A cause of action may be removed only if the federal court would have had subject matter jurisdiction over the action had it originally been filed there. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

In keeping with this principle of federal courts being of limited jurisdiction, the removal statute is strictly construed against removal with *all doubt being resolved in favor of remand.* *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992. Absent a federal question, a party who removes a case to federal court must prove the existence of diversity in cases where the plaintiff moves for remand. *Duncan v. Stuetzle, supra,* 76 F.3d 1480, 1485; *Salveson v. Western States Bankcard Ass'n, supra,* 525 F. Supp. 566; *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). A removing defendant also must successfully allege and prove that the nondiverse party's joinder is "sham" or "fraudulent." *Jernigan v. Ashland Oil Co.,* 989 F.2d 812, 815-816 (5th Cir. 1993); *Boyer v. Snap-On Tools,* 913 F.2d 108 (3rd Cir. 1990).

The test for fraudulent joinder is whether "the plaintiff fails to state a cause of action against a resident defendant, and the failure is *obvious* according to the settled rules of the state. . ." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9thCir. 1987) (citing *Moore's Federal Practice* (1986) ¶ O.161[2]). (Emphasis Added.) The removing party must demonstrate that there is

3

"*absolutely no possibility*" that the Plaintiff will be able to establish a cause of action against the resident Defendant. As the court stated in *Green v. Amerada Hess Corp.,* supra:

> "The burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is **absolutely no possibility** that the Plaintiff will be able to establish a cause of action against the in-state Defendant in state court, or that there has been outright fraud in the Plaintiff's pleadings of jurisdictional facts." *Id.* at 205. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added).

As the 9th Circuit Court of Appeals stated in *Morris v. Princess Cruises, Inc., Inc.,* 236 F.3d 1061 (9th Cir. 2001):

> Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of action against a resident defendant, **and the failure is obvious according to the settled rules of the state.**" (Emphasis Added.) *Id.* at 1067.

In making this determination, "**all disputed questions of fact and all ambiguities in the controlling state law must be decided in favor of the non-removing party.**" *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 42, 43 (5th Cir.1992) (holding that even a "tenuous proposition" under state law is sufficient since its "modicum of sturdiness" passed possibility of recovery test).

The issue of whether an in-state defendant is fraudulently joined *must be capable of summary determination* in order for a motion to remand to be properly denied. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983) In ruling on a motion to remand, the district court "must not 'pre-try'" substantive factual issues to answer the threshold question of whether the joinder of an in-state defendant is fraudulent. *Id.* at 204.

> As a procedural matter, **a district court "need not and should not conduct a full scale evidentiary hearing on questions of fact** affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction. **The question of whether the plaintiff has set forth a valid claim against the in-state defendant(s) should be capable of summary determination.**" *Green v. Amerada Hess Corp. supra* at 204, citing *B., Inc. v. Miller Brewing Company,* 663 F.2d 545 (5th Cir.1981).

Defendant Insurer cannot meet its heavy burden.

4

2. **It Is Well Settled That Plaintiff Has A Viable Cause Of Action Under State Law Against The Commissioner**

    a. **The California Insurance Code Expressly Provides That The Commissioner's Actions Are Subject To Judicial Review**

California Insurance Code Section 10291.5 setting forth the "Standards for approval" of insurance policy provisions by the Commissioner provides in pertinent part:

**§ 10291.5. Standards for approval**

**(a)** The purpose of this section is to achieve both of the following:

 **(1)** Prevent, in respect to disability insurance, fraud, unfair trade practices, and insurance economically unsound to the insured.

 **(2)** Assure that the language of all insurance policies can be readily understood and interpreted.

**(b) The commissioner shall not approve any disability policy for insurance** or delivery in this state in any of the following circumstances:

 **(1)** If the commissioner finds that it contains any provision, or has any label, description of its contents, title, heading, backing, or other indication of its provisions which is **unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered**, delivered or issued. (Emphasis Added.)

California Insurance Code Section 10291.5(h) expressly provides that any action taken by the Commissioner pursuant to this Section in connection with the approval of an insurance policy provision is subject to judicial review. As Section 10291.5(h) provides:

**(h)** Except as provided in subdivision (k), **any action taken by the commissioner under this section is subject to review by the courts of this state** and proceedings on review shall be in accordance with the Code of Civil Procedure. (Emphasis added.)

California Insurance Code Section 12940 also expressly provides that any action taken by the Commissioner is subject to judicial review. As Section 12940 provides:

**§ 12940. Judicial review**

**The acts and orders of the commissioner are subject to such review, or other action by a court of competent jurisdiction,** as is permitted or authorized by law.

5

1    (Emphasis Added.)

2        The *express* statutory right to judicial review of the Commissioner's actions with respect to his

3    approval of an insurance policy provision is confirmed by California case law.

4        As courts themselves do not initiate judicial review, initiating judicial review remains the role

5    of persons who have been injured by policy provisions which should never have been approved --

6    and, as explained below, both federal and state courts have expressly recognized an insured's right

7    to initiate judicial review.

8            b.  **Case Law From Both The California Courts And The Ninth**
9                **Circuit Expressly Grant An Insured The Right To Seek Judicial**
                 **Review Of The Commissioner's Actions With Respect To His**
10               **Approval Of Policy Provisions By Means Of A Writ Of**
                 **Mandamus**
11

12       In *Peterson v. American Life & Health Insurance Company et al*, 48 F.3d 404, 410 (9th Cir.

13   1995), *cert. denied,* 516 U.S. 942 (1995), the plaintiff, insured under an ERISA policy, asked the

14   court to find that a policy provision failed to comply with California law and then order the

15   Commissioner to reform it.  Although the 9th Circuit Court of Appeals denied the plaintiff's request

16   on the ground that an insured under a <u>group</u> policy does not have this particular right of judicial

17   review, the court expressly stated that an insured has a viable cause of action for mandamus to

18   compel the Commissioner to revoke approval of a provision in an <u>individual</u> policy.  As the 9th

19   Circuit stated with respect to individual policies:

20       The Commissioner also has an obligation to fulfill his duties under the California
         Insurance Code. Cal. Ins. Code § 12921. **If an insured such as Peterson believes that**
21       **the Commissioner has abused his discretion by approving a policy in violation of**
         **either § 10291.5(b)(7) of the Code or the Commissioner's own regulations**
22       **implementing the Code, then he may petition for a writ of mandamus requiring**
         **the Commissioner to revoke his approval.** Cal. Code Civ. Proc. § 1094.5; *see*
23       *generally Bixby v. Pierno,* 4 Cal. 3d 130, 93 Cal. Rptr. 234, 481 P.2d 242 (Cal. 1971)
         *Peterson* at 410.  (Emphasis added.)
24

25       The California Court of Appeal also expressly stated that an insured has a viable cause of

26   action for mandamus to compel the Commissioner to revoke an insurance policy provision.  In *Van*

27   *Ness v. Blue Cross of Cal., supra,* wherein the court rejected the plaintiff's claim that provisions in

28

                                          6

1   a Blue Cross medical insurance plan were ambiguous, the court nevertheless stated that an insured

2   has a viable cause of action for mandamus to compel the Commissioner to revoke an insurance

3   policy which fails to comply with the "standards for approval" set forth in California Insurance

4   Code Section 10291.5.   As the court stated:

5       The standards for approval are significant and include the mandate to withhold approval
        of any disability insurance policy "[i]f, irrespective of the premium charged therefore,
6       any benefit of the policy is, or the benefits of the policy as a whole are, not sufficient to
        be of real economic value to the insured." (§ 10291.5, subd. (b)(7)(A).) If the
7       commissioner approves a policy that does not comply with this requirement, he or she
        has authority to revoke approval for good cause. (Cal. Code Regs., tit. 10, § 2196.4.)
8       **And if an insured believes the commissioner has abused his or her discretion in**
        **approving a policy in violation of section 10291.5, the insured may petition for a**
9       **writ of mandamus requiring the commission to revoke the approval.** (See §
        10291.5, subd. (h); *Peterson v. American Life & Health Ins. Co.* (9th Cir. 1995) 48 F.3d
10      404, 410-411.) (Emphasis added.) *Van Ness v. Blue Cross of Cal., supra,* at 371-372.

11

12          *Van Ness* is consistent with California law which has long established that "proper method

13  of obtaining judicial review of most public agency decisions is by instituting a proceeding for a writ

14  of mandate." *Burnett v. Regents of Univ. of Cal.* (1995) 35 Cal.App.4[th] 843, 848.

15          As stated above, no less than <u>five</u> separate courts in the Northern District has expressly

16  found that a writ of mandamus is a viable cause of action against the Commissioner.

17          In *Brazina v. Paul Revere Life Ins. Co, et al, supra,* the only published opinion found in the

18  9th Circuit which adjudicated the *precise* issue now before this Court, as stated, held that the

19  Commissioner was a proper party and ordered remand.

20          In *Brazina,* an orthopedic surgeon insured under a Paul Revere Insurance Company disability

21  policy suffered a herniated lumbar disc and brought a claim for "total disability" benefits. After the

22  disability insurer declined to pay "total disability" benefits and agreed only to pay lesser benefits

23  under the "residual disability" provision of the policy, the insured brought suit against his insurer;

24  the insured, as in the instant case, also named as a defendant the Commissioner -- asserting claims

25  for a writ of mandamus and declaratory relief, contending, *inter alia,* that the Commissioner should

26  not have approved the pertinent policy language because it was ambiguous and misleading.   The

27  insurer removed the case and the insured moved the District Court for remand.

28

Case No.: C 07-4366 EMC **(E-FILING)**
PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

In ordering remand, the *Brazina* Court stated:

> **This court finds that Brazina's petition for a writ of mandamus to challenge the DOI Commissioner's approval of the insurance policy language under section 10291.5 of the California Insurance Code is a viable cause of action.** Section 10291.5 gives the Commissioner the duty and power to approve disability insurance policies. Subparagraph (b)(1) provides that "the commissioner shall not approve any disability policy for insurance or delivery in this state ...if the commissioner finds that it contains any provision ... which is unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued." Cal. Ins. Code § 10291.5(b)(1). **The Commissioner's decision is subject to judicial review in accordance with the California Code of Civil Procedure. Cal. Ins. § 10291.5(h).** *Brazina* at 167. (Emphasis added.)

The *Brazina* Court found ample support in both *Peterson v. American Life & Health Insurance Company et al, supra,* and *Van Ness v. Blue Cross of Cal., supra,.* As the *Brazina* Court stated:

> **The Ninth Circuit, relying on section 1094.5 of the California Code of Civil Procedure and *Bixby v. Pierno,* 4 Cal. 3d 130, 137, 93 Cal.Rptr. 234, 481, P.2d 242 (Cal. 1971), has stated that an insured may petition for a writ of mandamus requiring the Commissioner to revoke approval of a policy if the insured believes the Commissioner abused his discretion in approving the policy under section 10291.5.** n4 Peterson v. American Life & Health Ins. Co. 48 F.3d 404, 410 (9th Cir.), cert. denied, 516 U.S. 942, 133 L. Ed 2d 301, 116 S. Ct. 377 (1995). A recent California case indicates that state courts would also accept a cause of action as expressed in Peterson for approval of a policy that violated section 10291.5. Van Ness v. Blue Cross of Cal., 87 Cal. App.4th 364, 371-72, 104 Cal.Rptr. 2d 511 (Cal.Ct. App. 2001).. It is not entirely clear which type of writ the Van Ness court envisioned, but the language used by the court is not restrictive. **Thus, among courts that have addressed the matter, there is a general willingness to allow a writ when an insured wishes to challenge a Commissioner's approval of a policy under section 10291.5.** *Id.* at **1167-1168**. (Emphasis added.)

The *Brazina* Court found that the insured -- whose case is indistinguishable from the case herein -- had met all of the criteria for bringing such a writ. More specifically, the *Brazina* Court found that the writ was appropriate as: (i) the insured had no plain, speedy, and adequate alternative remedy (ii) the Commissioner has a duty to perform, and (iii) the insured has a clear and beneficial right to performance.

In *Sullivan v. Unum Life Ins. Co. of Amer., supra,* the Honorable Martin Jenkins expressly followed *Brazina,* stating:

8

1    ***Brazina*** **clearly establishes that a cause of action for writ of mandamus may lie**

2    **against the Commissioner.** ***Brazina*,** **271 F. Supp. 2d at 1171 …**

3    As stated above, even in *Borsuk v. Massachusetts Mutual Insurance Company*, *supra*, wherein

4    Judge Walker found that plaintiff's action for mandamus against the Commissioner was time-

5    barred, he expressly recognized that the cause of action itself was viable.  As Judge Walker stated:

6    **Although cursory, these allegations can be read to assert at least one potentially**
     **cognizable claim under Cal. Ins. Code § 10291.5 for which mandamus review, as**

7    **discussed, is available.**  *Id.* at page 20.

8    As stated above, other courts in the Northern District expressly found this cause of action for

9    mandamus viable and ordered remand.  (See *Maiolino v. UnumProvident Corporation*, *supra*, and

10   *Hangarter v. Paul Revere Life Ins. Co.*, *supra*.)  Accordingly, as the presence of the Commissioner

11   as defendant in this case destroys diversity of citizenship, remand is proper.

12          **3.   As The Commissioner Is Not A "Citizen" Of Any State, His Presence In**
              **This Action Necessarily Destroys Diversity Of Citizenship**

13

14          Defendant Insurer states in its Notice of Removal that even were the Court to find that a

15   viable cause of action exists against the Commissioner, diversity of citizenship would still exist.

16   This illogical and discredited argument should be dismissed immediately because, as set forth in

17   greater detail below, as the Commissioner is not a "citizen" of any state AND as diversity

18   jurisdiction under 28 USC Section 1332 requires that the action be between "citizens" of different

19   states, diversity of citizenship can <u>never</u> exist.

20          In *Hangarter v. Paul Revere Life Ins. Co.*, *supra*, wherein the Commissioner was named as a

21   defendant in a class action insurance bad faith action against a number of the same defendants as are

22   present herein, the defendants apparently made the argument that the Commissioner's presence as a

23   viable defendant does not destroy diversity.  In expressly rejecting this argument, the Honorable

24   William Alsup stated:

25          **This Court does not have jurisdiction over the case under any other provision of**
             **Section 1332 because there is no complete diversity of citizenship**.  Complete

26          diversity of citizenship exists only if *each* plaintiff would have the right to sue *each*
             defendant separately under Section 1332. *Newman-Green, Inc. v. Alfonzo-Larrain*,

27          490 U.S. 826, 829, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1986). Plaintiff would not

28

9

1    have the right to sue the Commissioner under Section 1332. She has no such right
2    because a citizen of a state, such as herself, may only sue under the diversity statute
     if the defendant is a citizen of a different state, or a citizen or subject of a foreign
3    nation. *See* Section 1332(a)(1)-(3). The Commissioner is not a "citizen" because the
     alter egos of states are never considered citizens under Section 1332. *See State*
4    *Highway Comm'n v. Utah Constr. Co.*, 278 U.S. 194, 199-200, 49 S. Ct. 104, 73 L.
     Ed. 262 (1929). ***No district court therefore would have diversity jurisdiction to***
5    ***hear a case brought by plaintiff against the Commissioner.*** (Emphasis Added.)
6    *Hangarter v. Paul Revere Life Ins. Co.,* at 16.

7        Judge Alsup's emphatic rejection of the argument that the Commissioner's presence in the

8    action does not destroy diversity jurisdiction is well supported by case law.

9        It is settled that a lawsuit brought by or against a state officer acting in his official capacity is

10   treated as a suit against the state itself and cannot be maintained in federal court on the basis of

11   diversity jurisdiction. *Wilkerson v. Missouri department of mental health et al.*, 279 F. Supp. 2d

12   1079 (E.D. Mo. 2003), *Batton v. Ga. Gulf,* 261 F. Supp. 2d 575, 581 (M.D. La. 2003), , *Harris v.*

13   *Ideal Cement Co.*, 290 F.Supp. 956 (S.D.Tx. 1968); See *Postal Telegraph Cable Co. v. State of*

14   *Alabama,* 155 U.S. 482, 487, 39 L.Ed. 231, 15 S. Ct. 192 (1894)., *See* Schwartzer et al, *Federal*

15   *Civil Procedure Before Trial*, §2:247 (Rutter Group, 2005) (emphasis added).

16       In *Batton et al v. Georgia Gulf, et al,* supra, the court upheld the remand of five consolidated

17   actions originally filed in state court against a state agency and a foreign corporation and then

18   removed by the foreign corporation based on an allegation of diversity jurisdiction.  In rejecting the

19   same logic advanced by Defendant Insurer that the presence of a state agency does not destroy

20   diversity, the *Batton* court stated that such an argument --

21            would turn this affirmative requirement--that a suit must be "between citizens
22            of different States"--into a proscription--that a suit in diversity may not be
             between citizens of the same state. The language of the statute does not
23            support this reading for several reasons. First, the express language of
             subsection 1332(a)(1)allows only those suits in which plaintiffs and
24            defendants are citizens of different states. **If a party is not a citizen of a**
             **state at all, then it is not a citizen of a different state and it would be**
25            **inappropriate to allow that party to bring a case or be subject to federal**
             **jurisdiction based only on diversity of citizenship.** *Id.* at  582. (Emphasis
26            Added.)

27

28       The *Batton* court further stated that the "**obvious conclusion is that Congress did not intend**

                                              10

1 | **the states of the United States to be amenable to diversity jurisdiction in the federal courts.**"

2 | *Id.*  Since suing the Commissioner is the legal equivalent of suing the state, the holding of *Batton*

3 | applies equally to the instant case.

4 | In *Texas Department of Housing and Community Affairs v. Verex Assurance, Inc.,* 68 F.3d 922

5 | (5th Cir. 1995),  an agency created by the state filed suit in state court to collect insurance provided

6 | by the private mortgage insurance company that insured defaulted loans. When another defendant

7 | removed the case to federal court based on diversity of citizenship, the agency moved for remand.

8 | Although the court found that the agency, in fact, was "independent" of the state and that "the state

9 | was <u>not</u> the real party in interest" and therefore diversity jurisdiction was proper, the court stated:

10 | **"In an action where a state is a party, there can be no federal jurisdiction on the
11 | basis of diversity of citizenship because a state is not a citizen for purposes of
12 | diversity jurisdiction.** Likewise, state agencies that are the alter ego of the state are not
citizens for the purposes of diversity jurisdiction." *Id.* at 928.  (Emphasis Added.)

13 | (See also *Harris v. Ideal Cement Co.,* supra, wherein a state agency sued an out of state
14 | corporation in state court, the action was removed and the federal court remanded and stated that "**if
15 | a state is a real party in interest in a suit, there can be no removal on the basis of diversity
16 | jurisdiction.**" *Id. at* 958.)

17 | In this case, as it is undisputed that the Department of Insurance is an agency of the state of
18 | California and therefore a non-citizen for purposes of diversity jurisdiction, the Commissioner's
19 | presence destroys subject matter jurisdiction.

20 | Under California law, moreover, a suit against the Commissioner can only be maintained in the
21 | California courts.  Under California Insurance Code, the Commissioner's actions are "subject to
22 | review by the <u>courts of this state</u>. . . in accordance with the [California] Code of Civil Procedure."
23 | Ins. Code §10291.5(h) (Emphasis Added).  As such, the California Legislature has clearly expressed
24 | its unambiguous intent that a mandamus action such as herein be reviewed by California courts. As
25 | both federal and state law clearly establish that an action against the Commissioner must be
26 | maintained in state court, his presence, as stated, necessarily destroys diversity jurisdiction.

27 |
28 |

Case No.: C 07-4366 EMC **(E-FILING)**
PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 4.  As Plaintiff Has No Other Adequate Remedy Available To Her, She Need Not Exhaust Administrative Remedies To Assert A Cause Of Action Against The Commissioner

Contrary to Defendant Insurer's claim in its Notice Of Removal that Plaintiff has failed to exhaust administrative remedies, "exhaustion" is excused here as a matter of law as the Commissioner has no adequate administrative procedure in place to remedy this dispute.

The California Insurance Code prohibits the Commissioner from adjudicating claims disputes between an insured and an insurer. See California Insurance Code §§12921.3, 12921.4. Moreover, no authority can be found requiring the Commissioner to act on complaints it receives from insureds about insurers. The Commissioner could delay any action with respect to an insured's complaint until long after the statute of limitations has run for filing a civil suit; the Commissioner also could do absolutely nothing.

In *Brazina,* in finding that the insured's remedies before the Commissioner were *inadequate* and that the insured was excused from exhausting administrative remedies, the Court stated:

> **Brazina likely meets the first requirement, since he has no alternative remedy which is plain, adequate, and speedy. Nowhere does the Insurance Code provide an administrative remedy for an insured to contest the Commissioner's approval of a policy form.** Cf. Cal Ins. Code § 10291.5(f) (insurer may request a hearing to appeal the Commissioner's withdrawal of approval). Defendants point to section 12921.03 of the Insurance Code, in which the Commissioner "shall receive complaints and inquiries, investigate complaints, prosecute insurers when appropriate ... and respond to complaints and inquiries by members of the public concerning the handling of insurance claims ...." Cal. Ins. Code § 12921.3. This process is not a means of administrative appeal of the Commissioner's actions, but a method for the public to complain about the conduct of insurers. In fact, powers given to the Commissioner to respond to complaints do not include the "power to adjudicate claims." Cal. Ins. Code § 12921.4(a). **Thus, it is possible for Brazina to show that no other remedy is available to him other than asking the court to adjudicate his claim against the defendants directly, which will not be speedy, or to compel the Commissioner to exercise his discretion and withdraw approval of the policy.** *Brazina* at 1168-1169.

Accordingly, any claim that Plaintiff must exhaust non-existent administrative remedies has already been deemed by this District Court to be without merit.

---

12

Case No.: C 07-4366 EMC **(E-FILING)**

PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))

5. **Apart From The Particular California And Federal Cases Cited Which Expressly Authorize Plaintiff's Action For Mandamus Against The Commissioner, California Case Law Clearly Authorizes A Cause Of Action (i) To Reverse The Commissioner's Actions If He Abused His Discretion Or (ii) To Compel The Commissioner To Exercise His Discretion If He Has Not Done So In Accordance With His Mandatory Duty**

In its Notice Of Removal, Defendant Insurer incorrectly states that Plaintiff impermissibly seeks to obtain an order from the Court *directing* the Commissioner to exercise his discretion in a particular manner. Contrary to the Commissioner contention and in accordance with well established case law, Plaintiff seeks either (i) an order reversing the Commissioner's approval of the policy provisions on which the Defendant Insurer based its denial in the event she can establish that the Commissioner has abused his discretion in approving these provisions or, alternatively, (ii) an order compelling the Commissioner to exercise his discretion if it can be shown that, pursuant to his mandatory duty, he has yet to do so -- and to exercise his discretion under a correct formulation of California law.

In *Common Cause of Cal. v. Bd. of Supervisors*, (1989) 49 Cal. 3d 432, wherein the plaintiff activist group alleged that the county had failed to deputize a sufficient number of people for purposes of administering an election, the Court denied mandamus on the ground that the defendant county had no mandatory duty to deputize employees in the first instance. In reviewing California law governing an action for mandamus, the Court affirmed that mandamus is a viable cause of action to correct an abuse of discretion by a public official <u>and</u> to compel a public official to perform a mandatory duty requiring discretion but which he has failed to perform. As the California Supreme Court stated:

> Mandamus will lie to compel a public official to perform an official act required by law. (Code Civ. Proc., § 1085.) Mandamus will not lie to control an exercise of discretion, i.e., to compel an official to exercise discretion in a particular manner. **Mandamus may issue, however, to compel an official both to exercise his discretion (if he is required by law to do so) and to exercise it under a proper interpretation of the applicable law.** (*Shepherd* v. *Superior Court* (1976) 17 Cal. 3d 107, 118 [130 Cal. Rptr. 257, 550 P.2d 161]; *Anderson* v. *Phillips* (1975) 13 Cal. 3d 733, 737 [119 Cal. Rptr. 879, 532 P.2d 1247].) **As the dissent correctly notes, mandamus will lie to correct an abuse of discretion by an official acting in an administrative capacity.**

13

1    (Emphasis added.) *Common Cause of Cal. v. Bd. of Supervisors, supra* at 442.

2    One example of a similar case in which the Court held that a public agency could be compelled

3    to discharge a mandatory duty involving discretion via an action for a writ of mandate -- without

4    directing how that agency should exercise its discretion -- is *Newland v. Kizer,* (1989) 209 Cal. App.

5    3d 647.

6    In *Newland v. Kizer, supra,* the plaintiff nursing home residents sought a writ of mandate

7    against the State of California Department of Health Services to direct  it to issue regulations

8    relative to long-term care facilities -- regulations which California Health And Safety Code Section

9    1335 required the State of California to issue.  In distinguishing the case before it from *Sklar v.*

10   *Franchise Tax Bd.,* (1986) 185 Cal. App. 3d 616, wherein that plaintiff had sought a writ of mandate

11   to compel the Franchise Tax Board to adopt *specific* regulations relative to the alcohol entertainment

12   expense deduction on state income tax returns, the court stated:

13       The State defendants' reliance on *Sklar* v. *Franchise Tax Board, supra,* 185 Cal.App.3d

14       616, is unavailing. In *Sklar* the plaintiffs essentially asked the court to direct the Board
         to adopt "regulations embodying the precise substance and content plaintiffs desire." (

15       *Id.* at p. 626.) Unlike the situation in *Sklar,* plaintiffs here are not seeking regulations
         with specific content they desire. Instead, plaintiffs merely seek mandate directing the

16       Department to adopt regulations in accord with its mandatory statutory duty. **Court**
         **mandate simply to issue regulations does not prescribe the substance and content**

17       **of such regulations or otherwise compel the Department to exercise its**
         **administrative discretion in any particular manner.**

18

19   The California Supreme Court's statement of the law in *Common Cause of Cal. v. Bd. of*

20   *Supervisors, supra,* is consistent with -- and, in fact, mandated by -- prior case law holding that

21   while mandamus is not available to compel the exercise of discretion possessed by the

22   Commissioner in a particular manner or to reach a particular result, mandamus **"does lie to**

23   **command the exercise of discretion -- to compel some action on the subject involved."** *Ballard*

24   *v. Anderson* (1971) 4 Cal.3d 873, 885, *Hollman v. Warren* (1948) 32 Cal.2d 351, 355, in accord

25   *Knoff v. City & County of San Francisco* (1969) 1 Cal.App.3d 184,197.

26   In the event that the Court were to decide that the Commissioner is required to exercise his

27   discretion, how the Commissioner does so is for him to decide. The distinction which Defendant

28   Insurer obscures is that between using mandamus to compel the exercise of discretion *in a*

14

1  *particular* manner -- which Plaintiff does not seek and agrees is not available -- and simply

2  compelling the exercise of discretion -- which the above-cited cases overwhelmingly support.

3        **6. Defendant Insurer's Assertions About Plaintiff's Counsel's Failure To Secure A Judgment Against The Commissioner In Prior Cases Are Legally Irrelevant To Adjudicating A Motion To Remand**

4

5

6        **a. As A Party's Motive For Joining A Defendant Is Immaterial To The Issue Of Fraudulent Joinder, Defendant Insurer Cannot Establish Fraudulent Joinder By Attacking Plaintiff's Motives In Joining The Commissioner**

7

8

9  The law is clear in the 9th Circuit that a plaintiff's motive for joining a non-diverse defendant is

10  *immaterial* to the propriety of removal or remand because joinder is <u>not</u> fraudulent as long as the

11  plaintiff is able to state a valid cause of action against that defendant. *Albi v. Street & Smith*

12  *Publications, Inc.*, 140 F.2d 310 (9th Cir. 1944). As the 9th Circuit Court of Appeals stated:

13      … it is universally thought that the **motive for joining such a defendant is immaterial. n5 It is only where the plaintiff has not, in fact, a cause of action against the resident defendant**, and has no reasonable ground for supposing he has,

14  and yet joins him in order to evade the jurisdiction of the federal court, **that the joinder**

15  **can be said to be fraudulent, entitling the real defendant to a removal.** *Id.* at 312. (Emphasis Added.)

16

17      As in *Mecom v. Fitzsimmons Drilling Co.*, (1931) 284 U.S. 183, wherein the U.S. Supreme

18  Court held that removal was improper notwithstanding the defendant's contention that the

19  administrator of an estate was appointed solely to defeat diversity, the Court stated:

20      The case falls clearly within the authorities announcing the principle that in a removal proceeding **the motive of a plaintiff in joining defendants is immaterial, provided**

21  **there is in good faith a cause of action against those joined.** *Id.* at 189. (Emphasis

22  Added.)

23      Under the authorities cited above, as Plaintiff's motive for joining the Commissioner and

24  whether the case against the Commissioner is prosecuted to judgment are both irrelevant to

25  adjudicating the issue of fraudulent joinder, Defendant Insurer's allegations regarding Plaintiff's

26  motive should not be considered by the Court.

27

28

1
2
3

       **b.  Apart From The False Issue Of Motive, Defendant Insurer's Description Of The Cases Handled By Plaintiff's Counsel Is Misleading As None Of The Cases In Which The Commissioner Was A Defendant Proceeded To Trial Against Any Defendant**

4

     In its Notice of Removal, Defendant Insurer accuses Plaintiff's Counsel of "gamesmanship" in

5

failing to secure a judgment against the Commissioner in prior cases in which he was a named

6

defendant.

7

     Although a completely exhaustive review of all cases brought by Plaintiff's Counsel's office in

8

which the Commissioner was a named defendant is difficult to accomplish, based on a recent

9

review of the cases filed by Plaintiff's Counsel's office in the last 5 years in which the

10

Commissioner has been named as a defendant, it appears that <u>none</u> of these cases ever actually

11

proceeded to trial against <u>any</u> defendant. (See Declaration of Bennett M. Cohen In Support Of

12

Motion To Remand.) It appears instead that all such cases either settled or were dismissed prior to

13

trial. (Please note that a case entitled *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d

14

998 (9th Cir. 2004) -- a case different from the above-mentioned *Hangarter v. Paul Revere Life Ins.*

15

*Co.*, which was pending before the Honorable William Alsup -- did proceed to trial; however, it

16

appears that the Commissioner was not named as a defendant in that case. Similarly, *McGregor v.*

17

*Paul Revere*, C97-2938 PJH (Northern District of California), filed more than 5 years ago, did

18

proceed to trial; however, it appears that the Commissioner was not named as a defendant in that

19

case. ) Thus, as none of the cases to which Defendant Insurer apparently refers appear to have

20

proceeded to trial against <u>any</u> defendant, there can hardly be any "bad faith" in not proceeding to

21

trial against the Commissioner alone.

22

     Accordingly, Insurer Defendant's argument that Plaintiff's Counsel is engaged in bad faith

23

tactics is both factually and legally incorrect -- and, in any event, irrelevant to the issues of removal

24

and remand which are presently before the Court.

25

26

///

27

///

28

16

**7. Defendant Insurer Cannot Establish Under Settled California Law That It Is "Obvious" That Plaintiff's Mandamus Cause Of Action Against The Commissioner Is Time-Barred**

In its Notice Of Removal, Defendant Insurer states in a conclusory manner that Plaintiff's cause of action against the Commissioner is time-barred without specifically identifying the statute which renders it time-barred. Plaintiff nevertheless will address the ruling in *Borsuk v. Massachusetts Mutual Insurance Company, supra,* to which Defendant Insurer refers in its Notice of Removal in which Judge Walker held that this cause of action was time barred under the three-year statute of limitation provided by CCP Section 338 -- in contradistinction to Judge Illston and Judge Jenkins who held that it was not.

**a. Cases Within The Northern District Have Held That Plaintiff's Action For Mandamus Is Timely Under Code Of Civil Procedure Section 338**

In *Sullivan v. Unum Life Ins. Co. of Amer., supra,* Judge Jenkins heard and rejected the argument impliedly advanced by Defendant Insurer in its Notice of Removal that the three-year statute of limitations provided by CCP Section 338(a) renders Plaintiff's causes of action against the Commissioner time-barred. After holding that the plaintiff-insured could state a viable cause of action for mandamus against the Commissioner, Judge Jenkins ruled that CCP Section 338 ran from the date the insurer denied his claim in reliance on the subject policy provision and not the date the insured bought the policy. As the court stated:

> It seems unfair to hold categorically that Plaintiff had notice of the way defendants would administer the policy before Unum denied him benefits. **This denial occurred on or about August 2002.** Complaint at P31. Therefore, **Unum have not shown that Plaintiff's claims against the Commissioner and the DOI are clearly time-barred for the purposes of establishing removal jurisdiction.** *Id.* at page 11. (Emphasis Added.)

The court's ruling in *Sullivan v. Unum Life Ins. Co. of Amer., supra,* is directly contrary to the ruling in *Borsuk v. Massachusetts Mutual Insurance Company, supra,* wherein the court held that plaintiff's cause of action for mandamus against the Commissioner began to run when he purchased the policy -- even if his claim had never been denied by his insurer. The *Sullivan* Court's reasoning, Plaintiff respectfully urges, is more sound in that an insured -- usually a layperson -- could not

17

1    possibly have a clue as to how most policy provisions will be interpreted and administered until his

2    insurer makes a claims-related decision.  More significantly, as set forth below, not until a claims

3    denial based upon a wrongly approved policy provision occurs has the insured suffered any injury

4    giving rise to any cause of action.

5        In *Maiolino v. Unumprovident Corp.*, *supra*, wherein the Northern District Court also

6    considered whether CCP Section 338 barred Plaintiff's cause of action, the Court acknowledged

7    *Borsuk v. Massachusetts Mutual Insurance Company*, *supra*, but nevertheless held that it was

8    unconvinced that CCP Section 338 barred Plaintiff's causes of action.  As the Court stated:

9        None of the authority cited by the parties, nor any authority that the Court has been
10       able to locate, establishes the event which would trigger the statute of limitations
         with respect to seeking mandamus relief against the Commissioner. Plaintiff
11       contends that the date of the denial of benefits should trigger the statute, while
         UnumProvident would have the Court use the date of the Commissioner's approval
12       of the policy or the date when plaintiff purchased the policy. Arguments can be
         made for either approach, and the California courts do not appear to have decided
13       the question.

14       Plaintiff's claim against the Commissioner appears tenuous, fn2 but the dearth of
15       California authority on the topic, combined with the general presumption against
         removal jurisdiction, bars this Court from presiding over plaintiff's case.
16       **Consequently, the Court finds that plaintiff's lawsuit is not barred by well-
         settled rules of existing state law** and hereby GRANTS plaintiff's motion to
17       remand. *Maiolino v. Unumprovident Corp.*, *supra* at pages 15-16.

18

19       Accordingly, under the rules governing the adjudication of motions for remand, Defendant

20   Insurer cannot meet its burden to establish that it is "obvious" under the "settled rules of existing

21   state law" that CCP Section 338 clearly bars Plaintiff's causes of action for mandamus.

22       Other compelling reasons exist why an insured's cause of action against the Commissioner

23   cannot begin to run on the day he purchases his policy and before his claim is denied.

24        **b.  <u>Not Until Defendant Insurer Denied Plaintiff's Claim Was There An Actual
              "Case Or Controversy" Involving The Issue Of Commissioner's Abuse Of
25            Discretion And/Or His Failure To Discharge A Mandatory Duty;
              Accordingly, Not Until The Insurer Denies The Plaintiff's Claim And
26            Thereby Causes Injury Does His Cause Of Action For Mandamus Against
              The Commissioner Accrue</u>**

27

28   Federal courts are empowered only to hear actual cases or controversies, not to render advisory

                                          18

1  opinions. See *Societe De Conditionnement En Aluminium, v. Hunter Engineering Co., Inc.*, 655

2  F.2d 938, 944-945 (9th Cir. 1980);  See also *Steel Company v. Citizens For A Better Environment*

3  (1998) 523 U.S. 83;  The doctrine of standing is closely related to the requirement that a matter

4  present a "case" or "controversy. *Id.* at 100-101. *Whitmore v. Arkansas* (1990) 495 U.S. 149, 155.

5  As the U.S. Supreme Court stated:

6      The "irreducible constitutional minimum of standing" contains three requirements.
       (Citation omitted.) First and foremost, there must be alleged (and ultimately proven) an
7      "injury in fact" -- a harm suffered by the plaintiff that is "concrete" and "actual or
       imminent, not 'conjectural' or 'hypothetical.'" Citations omitted.) Second, there must be
8      causation -- a fairly traceable connection between the plaintiff's injury and the
       complained-of conduct of the defendant. (Citations omitted.) And third, there must be
9      redressability -- a likelihood that the requested relief will redress the alleged injury.
       (Citations omitted.)  This triad of injury in fact, causation, and redressability n5
10     comprises the core of Article III's case-or-controversy ]requirement, and the party
11     invoking federal jurisdiction bears the burden of establishing its existence. *Id.* at 102-
12     103.

13     In order to bring an action in state court (as in federal court), a plaintiff must satisfy the

14  "standing" requirement according to which the plaintiff must have suffered an injury or be about to

15  suffer an injury. *Schmier v. Supreme Court*, (2000) 78 Cal. App. 4th 703, 708.  *Blumhorst v. Jewish*

16  *Family Services of Los Angeles* (2005) 126 Cal. App. 4th 993.

17     In *Blumhorst v. Jewish Family Services of Los Angeles, supra*, wherein a man sued a shelter for

18  battered women claiming sex discrimination, the court held that the plaintiff lacked standing where

19  he failed to allege that he was a victim of domestic violence.  As the court stated:

20     The issue of whether a party has standing focuses on the plaintiff, not the issues he or
       she seeks to have determined." (*Torres v. City of Yorba Linda* (1993) 13 **Cal.App.**4th
21     1035, 1040 [17 Cal. Rptr. 2d 400].)  **"A person who invokes the judicial process**
       **lacks standing if he, or those whom he properly represents, 'does not have a real**
22     **interest in the ultimate adjudication because [he] has neither suffered nor is about**
       **to suffer any injury of sufficient magnitude reasonably to assure that all of the**
23     **relevant facts and issues will be adequately presented.**  (Emphasis Added.)
24     *Blumhorst v. Jewish Family Services of Los Angeles*, supra at 1002.

25     As set forth above, Defendant Insurer's apparent argument that Plaintiff should have sought

26  a writ of mandate even before he was injured by a denial of benefits based on an wrongly approved

27  policy provision is directly contrary to the above-described settled rules regarding standing.

28
                                          19

Case No.: C 07-4366 EMC (**E-FILING**)
PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

1     Defendant Insurer's argument that a person must challenge any and all impermissible policy

2     provisions in his disability policy within the first three years of becoming insured, moreover, would

3     lead to absurdity and chaos and would violate public policy.  First, it would require the courts to

4     issue advisory opinions where, in fact, no damage to any insured could yet be demonstrated and,

5     therefore, there was no case or controversy.  Second, it would require an insured, usually a

6     layperson with no training in insurance law or contract interpretation, to scrutinize each and every

7     policy provision ever approved by the Commissioner – obscure or not -- for ambiguities or other

8     violations of the "standards for approval" in the Insurance Code.  Ambiguities in any policy,

9     however, may not be evident at the time of approval or even at the time of purchase and may not

10    become evident until the insurer has denied benefits based on an incorrect interpretation of a

11    seemingly complex policy provision.  Third, Defendant Insurer's position would require an insured

12    to guess as to how the insurer will administer the policy in both the near and distant future.  Under a

13    scheme requiring insureds to bring an action against the Commissioner within the first three years

14    of becoming insured, insureds would be compelled to inundate the courts with lawsuits challenging

15    insurance policy provisions by which they have never been damaged – and, most likely, will never

16    be damaged.  Courts, in turn, would be required to issue massive numbers of purely advisory

17    opinions.

18    **8.   That The Remedy Of Revocation Of A Policy Provision In An Action**
      **For Mandamus Is Prospective And Might Not Personally Benefit The**
19    **Plaintiff Does Not Negate Plaintiff's Cause Of Action For Mandamus**

20         Defendant Insurer's argument that Plaintiff has no cause of action against the Commissioner

21    because he cannot personally benefit from the revocation of a particular policy provision is made

22    without any case or statutory support.  Such an argument, if accepted, moreover, would have the

23    effect of *deleting* Insurance Code Sections 10291.5(h) and 12490 -- both of which expressly provide

24    for judicial review of the Commissioner's actions.

25         The argument that Plaintiff has no cause of action against the Commissioner because any

26    remedy is prospective is also without merit, more particularly, for the following reasons:

27         First, since courts do not initiate "judicial review," a litigant is required to initial judicial

28

20

Case No.:  C 07-4366 EMC **(E-FILING)**
PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

1   review and obtain whatever remedies are legally permissible; the fact that the remedy of revocation
2   might not personally benefit the plaintiff who was damaged by the provision does not lead to the
3   conclusion that he, therefore, cannot seek it.  This is especially true as Insurance Code Section
4   10291.5(h) expressly provides for judicial review of the Commissioner's approval of policy
5   provisions while, at the same time, as Insurance Code Section 10291.5(f) expressly provides that
6   any revocation of a wrongly approved policy provision will operate prospectively. That both
7   provisions are written into the same Insurance Code section evidences that the Legislature intended
8   for both to operate together -- with one not negating or impairing the other.

9        Second, a time-honored rule of statutory construction supports a ruling that an insured has a
10  right to seek judicial review notwithstanding that the remedy may be prospective.   Under a
11  fundamental rule of statutory construction, a court must adopt an interpretation of a statute which
12  will give that statute effect. *Parris v. Zolin*, (1996) 12 Cal. 4th 839, 845, *Steinberg v. Amplica Inc.*
13  (1986) 42 Cal. 3d 1198.

14        **Whenever possible a construction must be adopted which will give effect to all**
15        **provisions of the statute.** *Parris v. Zolin*, *supra* at 845.

16        To find that the two Insurance Code sections (quoted above on pages 5-6) which expressly
17  grant a right of judicial review of the Commissioner's actions are meaningless would contravene the
18  above-stated rule of statutory construction; such a finding would deprive the two code sections of
19  effect rather than *giving them effect* -- and, as a practical matter, would mean that the
20  Commissioner's actions with respect to the approval of policy provisions would never be subject to
21  judicial review.

22        Third, the Insurance Code -- which clearly grants an insured the right to seek revocation of a
23  policy provision although he might never benefit from the revocation -- is like a number of other
24  California statutes which alter the traditional rules of standing and create a private cause of action
25  for a litigant who was not personally damaged or who may never personally benefit from
26  permissible injunctive relief.

27        California Business and Professions Code Section 17200 et seq., the California Unfair

28

Business Competition Law ("UCL"), for example, expressly grants a litigant the right to obtain an injunction against an "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising" even though that particular litigant cannot establish that he will ever benefit from such an injunction *or has even been personally injured. Donabedian v. Mercury Ins. Co.,* (2004) 116 Cal. App. 4th 968, 983.

In *Donabedian v. Mercury Ins. Co., supra,* wherein the plaintiff alleged that Mercury Insurance Company engaged in unfair business practices in determining an insured's eligibility for a "Good Driver Discount," the court held that the plaintiff could bring the action under the UCL to enjoin this practice even though he had never been personally injured by it. As the court stated:

> Mercury argues that plaintiff cannot pursue alleged violations under the UCL unless he was a victim himself. On the contrary, " [t]he UCL permits 'any person acting for the interests of itself, its members or the general public' ... to file an action for restitution and/or injunctive relief ... against a person or business entity alleged to be engaged in any 'unlawful, unfair or fraudulent business act or practice ... .' ... **[T]he UCL allows a private plaintiff who himself has suffered no injury to file a lawsuit under the UCL in order to obtain relief for others.**" ( Rosenbluth Internat., Inc. v. Superior Court (2002) 101 Cal.App.4th 1073, 1076–1077 [124 Cal. Rptr. 2d 844], citations omitted; accord, *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 560–561 [71 Cal. Rptr. 2d 731, 950 P.2d 1086].) (Emphasis Added.) *Donabedian v. Mercury Ins. Co.*, supra at 983.

As another example of a statutory modification of the traditional rules of standing, under Code of Civil Procedure Section 526, a taxpayer my bring an action to challenge wasteful government spending without a showing that he has been personally damaged by that particular spending. As the court stated in *Humane Society of the United States v. State Bd. of Equalization,* (2007) 152 Cal. App. 4th 349, wherein the Humane Society used CCP Section 526 to challenge the California State Board of Equalization's granting of tax exemption to egg producers who, the Humane Society alleged, were engaging in the inhumane treatment of animals, court stated:

> The purpose of [Code of Civil Procedure Section 526] which applies to citizen and corporate taxpayers alike, is to permit a large body of persons to challenge wasteful government action **that otherwise would go unchallenged because of the standing requirement**. (Emphasis Added.) *Id.* at 535.

Accordingly, the California Insurance Code, like California Business & Professions Code

22

1    Section 17200 *et seq.* and CCP Section 526, is drafted to create a statutory cause of action which

2    provides remedies which may or may not benefit the particular plaintiff who brings the action

3    seeking judicial review.    Accordingly, that the remedy will be prospective under the statutory

4    scheme established by the California Legislature is irrelevant to whether a particular insured can

5    bring an action for judicial review.  Indeed, as stated, if the court were to rule that there is no right

6    to judicial review because the remedy will always prospective, the court, in effect, would be writing

7    out of the Insurance Code the express right of judicial review of the Commissioner's "acts."

8         Judge Vaughn Walker himself expressly recognized the viability of a cause of action for

9    mandamus against the Commissioner notwithstanding that the remedy would not personally benefit

10   the plaintiff. *Borsuk v. Massachusetts Mutual Insurance Company, supra* at 9.  As Judge Walker

11   stated:

12   > Even were Borsuk to obtain a writ of mandate against the commissioner directing the
     > commissioner to revoke approval of the policy forms here at issue, **that revocation**
13   > **would not affect the respective rights of Borsuk and MassMutual as asserted**
     > **against one another.**
14

15   > **Nevertheless, an apparent trend in California case law suggests that mandamus**
     > **relief of the kind Borsuk seeks is conceivably available to force the**
16   > **commissioner of the DOI to revoke approval of a policy form that violates state**
     > **law.** To obtain such relief, Borsuk must demonstrate that it was an abuse of the
17   > commissioner's discretion for the commissioner to approve the policy form in the
     > first place. *Id.* at page 16.
18

19   Accordingly, as Judge Walker notes, that the remedy of the revocation of a policy provision might

20   never actually benefit Plaintiff herein does not nullify the cause of action.

21         9.   **California Insurance Code § 10291.5 Should Be Liberally Construed To**
22              **Effectuate Its Purposes And Intentions Of Avoiding Ambiguous And**
                **Misleading Policy Provisions By Permitting Judicial Review In The**
23              **Instant Case**

24   California Insurance Code § 10291.5(i) the provides:

25   **(i) This section shall be liberally construed to effectuate the purpose and intentions**
     **herein stated**; (Emphasis Added.)
26

27   As set forth above on pages 5-6, California Insurance Code § 10291.5 sets forth the standards

28

1   governing the Commissioner's approval of policy provisions in California <u>and</u> also expressly

2   authorizes judicial review of the Commissioner's action.  As the express statutory policy is that this

3   statute should be "liberally construed" to achieve compliance with the "standards for approval" of

4   policy provisions, this statute should be construed to enable an insured who has suffered the denial

5   of a claim based on an impermissible policy provision to seek judicial review.  In other words, under

6   Insurance Code section 10291.5(i), Plaintiff's right to judicial review should be construed herein in

7   the same manner as an insured's right to judicial review has been construed by the 9th Circuit, the

8   California Court of Appeals and numerous district courts.

**B.  <u>THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE AS
DEFENDANT INSURER HAS FAILED TO PROVE THAT THE AMOUNT
IN CONTROVERSY IS WITHIN THIS COURT'S JURISDICTION</u>**

The removing party bears the burden of proving that the amount of damages sought by the

Plaintiff is within the court's jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

This showing must be made by a preponderance of the evidence.  *Sanchez v. Monumental Life Ins.*

*Co.*, 102 F.3d 398, 403 (9th Cir. 1996).  Proof must satisfy the criteria for summary judgment type

evidence.  *See Morris v. Princess Cruises, Inc., supra* at 1067-1068.

As Defendant Insurer fails to meet its burden of proving that damages exceed $75,000,

remand is appropriate on this basis alone.

**C.  <u>THE NOTICE OF REMOVAL IS PROCEDURALLY DEFECTIVE AS
DEFENDANT INSURER HAS FAILED TO ESTABLISH ITS CITIZENSHIP
AS A FOREIGN CORPORATION</u>**

In its Notice Of Removal, Defendant Insurer failed to cite admissible evidence establishing

its citizenship as a foreign corporation. *See Morris v. Princess Cruises, Inc., supra* at 1067-1068.

Accordingly, remand is appropriate on this basis alone.

**D.  <u>DEFENDANT INSURER'S NOTICE OF REMOVAL IS PROCEDURALLY
DEFECTIVE AS THE COMMISSIONER DID NOT JOIN THEREIN AS A
REMOVING PARTY</u>**

24

1        In order for a Notice of Removal to be proper, all defendants must be joined.  See *Parrina v.*

2   *FHP, Inc.* 146 F.3d 699, 703 (9th Cir. 1998).  In the instant case, as the Commissioner has not

3   joined in the Notice Of Removal, the removal is procedurally defective and remand is proper.

4   ### V.  REQUEST FOR COSTS AND ATTORNEY'S FEES

5

6        In the event that the Court orders remand, Plaintiff respectfully requests that the Court

7   award costs and attorney's fees. See 28 U.S.C. Section 1447(c); *Morris v. Bridgestone/Firestone,*

8   *Inc.* 985 F.2d 238, 240 (6th Cir. 1993), *Valdez v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000).

9        For the reasons set forth above, the Notice of Removal is procedurally defective and,

10  additionally, without any merit on the fundamental issue of subject matter jurisdiction.  Under the

11  above-referenced authorities, an award of costs and fees is appropriate.

12  ### VI. CONCLUSION.

13       For the reasons shown, Plaintiff respectfully requests that this Court order remand.

14  In the alternative, Plaintiff requests that if this Court finds that the pleadings are in some manner

15  insufficient, he be allowed to amend and thereafter request remand

16       Respectfully submitted,

17  Dated: September 24, 2007              **BOURHIS & MANN**

18

19                                        By:_____

20                                            Ray Bourhis, Esq.
                                            Bennett M. Cohen, Esq.
21                                          Attorneys for Plaintiff CLAUDIA BLAKE

22

23

24

25

26

27

28

Case No.: C 07-4366 EMC **(E-FILING)**
PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR
COSTS AND FEES (28 U.S.C. § 1447(c))

**PROOF OF SERVICE**
*Claudia Blake v. Unumprovident Corporation, et al.*

*U.S. District Court, Northern District of California, Case No. C07-4366 EMC*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On September 24, 2007, I will serve the following documents:

PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**UNUM GROUP (formerly known as**
**UNUMPROVIDENT CORPORATION)**
**FIRST UNUM LIFE INSURANCE**
**COMPANY (erroneously sued as UNUM**
**CORPORATION) and NEW ENGLAND**
**MUTUAL LIFE INSURANCE COMPANY**
John C. Ferry, Esq.
Thomas M. Herlihy, Esq.
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Ste. 2500
San Francisco, CA 94104-4798
Phone: (415) 951-0535
Fax:    (415) 391-7808
Email: jferry@kelher.com
Email: herlihy@kelher.com

**(X) (FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on September 24, 2007.

Mary M. Martin

Case No.: C 07-4366 EMC **(E-FILING)**
PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT AND REQUEST FOR COSTS AND FEES (28 U.S.C. § 1447(c))