1 THOMAS M. HERLIHY (SBN 83615)
JOHN C. FERRY (SBN 104411)
2 KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
3 San Francisco, CA 94104-4798
Tel.: (415) 951-0535
4 Fax: (415) 391-7808
Email: herlihy@kelher.com
5         jferry@kelher.com
6
7 Attorneys for Defendants
UNUM GROUP (formerly known as
8 UNUMPROVIDENT CORPORATION),
UNUM CORPORATION (a now non-existent
9 entity, properly referred to as Unum Group)
and METLIFE INSURANCE COMPANY
10 (successor in interest by merger to
NEW ENGLAND MUTUAL
11 LIFE INSURANCE COMPANY)
12
13              UNITED STATES DISTRICT COURT
14              NORTHERN DISTRICT OF CALIFORNIA
15

| | |
|---|---|
| CLAUDIA L. BLAKE | Case No.: C07-4366 MHP |
| Plaintiff, | |
| vs. | **DEFENDANTS' POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO REMAND** |
| UNUMPROVIDENT CORPORATION; UNUM CORPORATION, NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE, and DOES 1 through 20 inclusive, | **Date: November 19, 2007** **Time: 2:00 p.m.** **Courtroom: 15** |
| Defendants. | **Accompanying Papers:** 1. **Declaration of Susan Roth** 2. **Declaration of Michelle Backus** 3. **Request for Judicial Notice and Declaration of John C. Ferry** 4. **[Proposed] Order** |

16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO REMAND

# TABLE OF CONTENTS

Page(s):

I. INTRODUCTION ........................................................................................................... 1

   A.   Summary of Argument ................................................................................................ 1

II. STATEMENT OF FACTS ............................................................................................. 1

III. STANDARD ON REMAND.......................................................................................... 3

IV. DISCUSSION................................................................................................................. 3

   A.   The Commissioner Was Fraudulently Joined ............................................................ 3

      1.   A Writ of Mandamus Is Not Available to Compel An Official's Discretionary Act .................................................................................................. 4

      2.   The Commissioner's Duty to Enforce the Insurance Code is Discretionary, Not Mandatory ........................................................................................................... 4

      3.   The Commissioner's Duty to Enforce and Monitor the Terms of the CSA Is Discretionary, Not Mandatory ........................................................................... 6

      4.   Plaintiff's Requested Relief Is Not Authorized by Law ................................. 7

      5.   Plaintiff Has an Adequate Remedy at Law.................................................... 7

      6.   Plaintiff Fails to Show Irreparable Harm...................................................... 8

      7.   Plaintiff's Authority Does Not Support Her Position.................................... 8

      8.   Plaintiff Has No Standing to Seek a Remedy Arising from the Reassessment Program and CSA ............................................................................................. 10

      9.   Plaintiff's Claims Against the Commissioner Are Time-Barred ................... 11

         a.   Plaintiff's Fifth Cause of Action Is Subject to the Three-Year Limitations Period ...................................................................................... 11

         b.   Plaintiff's Claim Accrued When She Was Allegedly Harmed by the Commissioner ........................................................................................... 11

V. THE ONLY PROCEDURAL DEFECTS LIE WITH PLAINTIFF ....................................... 14

   A.   Plaintiff Waived All Procedural Objections to the Commissioner's Nonjoinder in the Removal By Filing a Tardy Remand .............................................................................. 14

i

B.   The Citizenship Allegations are Properly Pled .................................................. 15

C.   The Amount in Controversy Satisfies the Jurisdictional Limits ......................... 15

VI. CONCLUSION .................................................................................................... 16

-ii-

# TABLE OF AUTHORITIES

Page(s):

## Cases

*Aetna Casualty & Surety Co. v. Richmond*
  76 Cal. App. 3d 645 (1977) ............................................................ 12

*Allen v. Humboldt County Board of Supervisors*
  220 Cal. App. 2d 877 (1963) ........................................................... 11

*American Title Ins. Co. v. Lacelaw Corp.*
  861 F.2d 224 (9th Cir. 1988) .......................................................... 12

*Aroney v. California Horse Racing Bd.*
  145 Cal. App. 3d 928 (1983) ........................................................... 11

*Borsuk v. Massachusetts Mutual Life Insurance Company, et al.*
  2003 U.S. Dist. LEXIS 25259 (N.D. Cal. 2003) ................................ 13

*Brazina v. Paul Revere Life Ins. Co. et al.*
  271 F.Supp.2d 1163 (N.D. Cal. 2003) ............................................. 8

*Calif. Satellite Systems, Inc. v. Nichols*
  170 Cal.App.3d 56 (1985) .............................................................. 8

*Common Cause v. Board of Supervisors*
  49 Cal. 3d 432 (1989) ................................................................. 4, 7

*Concorde Financial Corp. v. Value Line, Inc.*
  2004 U.S. Dist. LEXIS 2040 *11 (S.D.N.Y. 2004)............................. 14

*Davis v. Prentiss Props, Ltd., Inc.*
  66 F. Supp.2d 1112 (C.D. Cal., 1999) ............................................... 3

Davis v. Prentiss Props, Ltd., Inc.
  66 F. Supp.2d 1112 (C.D. Cal., 1999) ............................................... 3

*Dillon v. Board of Pension Commrs.*
  18 Cal.2d 427 (1941) .................................................................... 11

*Fox v. County of Fresno*
  170 Cal. App. 3d 1238 ................................................................... 6

*Hackethal v. National Casualty Co.*
  189 Cal. App. 3d 1102 (1987) ....................................................... 12

-iii-

*Kavanaugh v. West Sonoma County Union High School District*
29 Cal. 4th 911 (2003) ........................................................................... 6

*Keeler v. Superior Court*
(1956) 46 Cal.2d 596 .............................................................................. 9

*Malcolm v. Farmers New World Life Ins. Co.*
4 Cal. App. 4th 296, n.6 (1992) ............................................................ 12

*Manilar v. FDIC*
979 F.2d 782 (9th Cir. 1992) ................................................................. 14

*McCabe v. General Foods Corp.*
811 F.2d 1336 (9th Cir. 1987) ................................................................. 3

*Morriss v. Princess Cruises, Inc.*
236 F.3d 1061 (9th Cir., 2001) ................................................................ 3

*Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*
69 F.3d 1034 (9th Cir. 1995) ................................................................. 14

*Omaha Indem. Co. v. Super. Ct. (Greinke)*
209 Cal.App.3d 1266 (1989) ............................................................... 7, 8

*Painting & Drywall Work Preservation Fund v. Aubry*
206 Cal. App. 3d 682 (1988) ................................................................... 6

*Pearson v. County of Los Angeles*
49 Cal.2d 523 (1957) ............................................................................. 11

*People ex rel Younger v. County of El Dorado*
5 Cal. 3d 480 (1971) ................................................................................ 4

*People v. Vatelli*
115 Cal. App. 3d 54 (1971) ...................................................................... 5

*Peterson v. American Life & Health Ins. Co.*
(9th Cir.1996) 48 F.3d 404 ................................................................... 8, 9

*Ragan v. City of Hawthorne*
261 Cal.Rptr. 219 (Cal.App.1989) ........................................................ 11

*Ritchey v. Upjohn Drug Co.*
139 F.3d 1313 (9th Cir., 1998) ................................................................ 3

-iv-

*Rodriguez v. Solis*
    1 Cal. App. 4th 495 ................................................................................................ 6

*Saathoff v. City of San Diego*
    35 Cal. App. 4th 697 (1995) ................................................................................ 7

*Sime v. Malouf*
    95 Cal. App. 2d 82 (1949) .................................................................................... 12

*State of California v. Superior Court*
    12 Cal. 3d 327 (1974) ...................................................................................... 6, 9

*Sullivan v. Unum Life Ins. Co. Of America*
    2004 U.S. Dist. LEXIS 7010 (N.D. Cal. 2004) .................................................. 13

*Van Ness v. Blue Cross of Cal.*
    (2001) 87 Cal.App.4th 364 ............................................................................ 8, 10

*Wilson v. Suzuki of Orange Park, Inc.*
    2005 U.S. Dist. LEXIS 34207 *18 (M.D. Fla. 2005) .......................................... 14

*Woman Organized for Employment v. Stein*
    114 Cal. App. 3d 133 (1980) ................................................................................ 5

*Young v. Gannon*
    97 Cal. App. 4th 209 (2002) ................................................................................ 4

**Statutes**

28 United States Code § 1447(c) ............................................................................ 14

California Insurance Code  10390 .......................................................................... 8

Code of Civil Procedure § 1085 .............................................................................. 4

Code of Civil Procedure § 1086 .............................................................................. 7

Code of Civil Procedure § 338(a) ........................................................................ 11

Insurance Code § 790.03(h) .................................................................................... 4

Insurance Code § 790.035 ........................................................................................ 5

Insurance Code § 790.05 .......................................................................................... 5

DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO REMAND
CASE NO. C07-4366 EMC

COMES NOW Defendants UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION), UNUM CORPORATION (a now non-existent entity, properly referred to as Unum Group) and METLIFE INSURANCE COMPANY (successor in interest by merger to NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY) (hereinafter the "Insurance Defendants") and hereby submit these points and authorities in opposition to Plaintiff's motion to remand.

## I. INTRODUCTION

### A.    Summary of Argument

This is yet another case in which Plaintiff's law firm has named the California Department of Insurance or the Insurance Commissioner as a defendant – not to obtain any remedy – but for the sole purpose of defeating diversity. Plaintiff's motion to remand must be denied as the Commissioner is a sham defendant because the cause of action for a writ of mandamus is not viable as a matter of law, the Plaintiff does not have standing to pursue the remedy she seeks and the statute of limitations has long since run on a claim arising out of the issuance of her insurance policy.

Further, diversity is well pled as the parties are completely diverse and the amount in controversy exceeds this Court's jurisdictional limit.

### B.    Procedural Background

Plaintiff filed her action on July 19, 2007. The Insurance Defendants were thereafter served with a copy of the summons and complaint on July 26, 2007 and filed and served their Notice of Removal, pursuant to 28 U.S.C. Section 1446(b), on August 23, 2007, within 30 days after service of the summons and complaint. Plaintiff's Motion for Remand was filed September 25, 2007, three days past the deadline to do so.

## II. STATEMENT OF FACTS

Plaintiff's complaint alleges five causes of action. The following four causes of action are pled against the Insurance Defendants: Breach of contract (first cause of action; Complaint, ¶¶ 25-35); intentional/fraudulent and negligent misrepresentation (second cause of action; Complaint, ¶¶ 36-48); breach of covenant (third cause of action; Complaint, ¶¶ 49-68); and

-1-

1    intentional infliction of emotional distress (fourth cause of action; Complaint, ¶¶ 69-81).

2          Plaintiff's causes of action against the Insurance Defendants derive from two disability

3    policies issued to her by New England Mutual Life Insurance Company, Policy Nos. 118455 and

4    118456. (Backus Declaration ¶¶ 3-6)  Plaintiff received benefits for a period of time under each

5    policy (Backus Declaration ¶¶ 3-6) but now claims additional back benefits are due (Complaint ¶

6    33).  As of the time of this writing, Plaintiff's back benefits claim is for $81,000. (Backus

7    Declaration ¶¶ 3-6)   Plaintiff also seeks future benefits which, given her age, would be

8    approximately $192,000, if paid over her life time. (Back Declaration ¶ 7)

9          The fifth cause of action – the subject of this motion – is for writ of mandamus

10   (Complaint, ¶¶ 82-93) – is alleged against the Commissioner of the California Department of

11   Insurance (the "Commissioner").  After a recitation of purported duties imposed by the Insurance

12   Code on the Commissioner, the complaint's charging allegations state:

13   
14   > "…Commissioner has failed to enforce the mandatory minimum requirements of the
     > Insurance Code with respect to POLICY definitions of disability and related POLICY
15   > provisions respecting proof of claim and payment of claim … that are at variance with
     > and less favorable to their insureds and disability claimants than required by California
16   > law." (Complaint, ¶ 90)

17   > "… Commissioner has failed to perform the duties imposed upon him to require
     > compliance with the California Insurance Code, including but limited to Sections
18   > 790.03(h) and 10291.5, as well as the Fair Claims Settlement Practices Regulations (10
     > Cal. Admin. Code Section 2695.1 *et seq)* and various DOI rulings and bulletins dealing
19   > with the same or similar subject matter." (Complaint, ¶ 91)

20   > "By the action, plaintiff seeks, in addition to all other remedies sought herein, an order
21   > from the Court mandating that the Commissioner perform the duties imposed upon him
     > by law, as described hereinabove, and take corrective action as is reasonably necessary to
22   > respond to the fraudulent and unlawful conduct of said defendants, including but not
     > limited to the correction of defendants' insurance POLICY forms to conform with
23   > California law." (Complaint, ¶ 93)

24   
25   Plaintiff's prayer for relief on the fifth cause of action states:

26   > "In addition to all other remedies sought herein, an order from the Court mandating that
     > the Commissioner exercise reasonable discretion and take such action as he may decide is
27   > reasonably necessary to respond to the alleged fraudulent and  unlawful conduct of
     > defendants, including, but not limited to enforcing and monitoring compliance of claim
28   > Reassessments." (Complaint, Prayer for Relief ¶ 9)

-2-

1    Thus, Plaintiff seeks an order from this Court mandating that the Commissioner: (1)

2    "perform the duties imposed upon him by law"; (2) to take "corrective action" regarding the

3    Insurance Defendants' alleged conduct; and (3) re-write the policies at issue herein.

4    However, this Court is not empowered to do any of those things.

5                                      **III. STANDARD ON REMAND**

6    In her motion, Plaintiff paints a picture of a standard so stringent that no case involving

7    fraudulent joinder could survive a motion to remand.  The test, which is assuredly not

8    insurmountable, has been described in different ways.  Some cases analogize the fraudulent

9    joinder analysis to the standard for a motion to dismiss under Federal Rule of Civil Procedure

10   12(b)(6). See *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir., 1998).  Others have

11   asked whether the Plaintiff fails to state a cause of action against a resident defendant and the

12   failure is obvious according to the settled rules of the state. *Morriss v. Princess Cruises, Inc.*,

13   236 F.3d 1061, 1067 (9th Cir., 2001).  Still other cases compare the test to the standard for

14   permissive joinder under Rule 11.  See *Davis v. Prentiss Props, Ltd., Inc.,* 66 F. Supp.2d 1112,

15   1114 (C.D. Cal., 1999).

16   Under any analysis, "[i]f the Plaintiff fails to state a cause of action against a resident

17   defendant and the failure is obvious according to the settled rules of the state, the joinder of the

18   resident defendants is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9[th]

19   Cir. 1987).

20   That is the situation presented to this Court.

21                                         **IV. DISCUSSION**

22   **A.    The Commissioner Was Fraudulently Joined**

23   Plaintiff's fifth cause of action fails because Plaintiff: (1) has failed to meet the statutory

24   requirements for a mandamus action; (2) mandamus is not available to compel an official's

25   discretionary act; (3) Plaintiff does not have standing to pursue a claim against the Commissioner

26   for violation of the CSA and the reassessment program; and (4) Plaintiff's claims are time-

27   barred.  Hence, the Commissioner is a sham defendant whose presence cannot be employed to

28   defeat diversity and whose consent to removal is not required.

1

### 1.    A Writ of Mandamus Is Not Available to Compel
### An Official's Discretionary Act

A writ of mandamus may be issued "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office ... or to compel the admission of a party to the use and enjoyment of a right ... to which the party is entitled, and from which the party is unlawfully precluded by such inferior tribunal, corporation, board, or person." (CCP § 1085)  A duty by the respondent, and the right of the petitioner to performance of that duty, constitute the dual requirements of mandamus relief:

> "Two basic requirements are essential to the issuance of the writ: (1) A clear, present and usually ministerial duty upon the part of the respondent ...; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty." *People* ex rel *Younger v. County of El Dorado*, 5 Cal. 3d 480, 491 (1971)

Traditional mandamus "generally will lie only to compel the public official's performance of a duty which is purely ministerial in nature." *Young v. Gannon*, 97 Cal. App. 4th 209, 221 (2002)  Where the public official is required by law to exercise his discretion, rather than perform a ministerial duty, mandamus will only lie to compel the exercise of his discretion under the proper interpretation of the law. *Id.*  That is, mandamus will lie to correct an abuse of discretion, but to do so, petitioner "must show that the public official or agency invested with discretion acted arbitrarily, capriciously, fraudulently, or without due regard for his rights, and that the action prejudiced him." *California Teachers Assn. v. Ingwerson* 46 Cal. App. 4th 860, 867 (1996) Nevertheless, "[m]andamus will not lie to control an exercise of discretion, i.e., to compel an official to exercise discretion in a particular manner." *Common Cause v. Board of Supervisors*, 49 Cal. 3d 432, 442 (1989)

### 2.    The Commissioner's Duty to Enforce the Insurance
### Code is Discretionary, Not Mandatory

The Commissioner has a discretionary duty, not a mandatory duty, to enforce Insurance Code § 790.03(h) against the Insurance Defendants.  Plaintiff wrongly alleges that section 12926 imposed upon the Commissioner a mandatory duty to stop the Insurance Defendants' alleged violations of section 790.03(h) (Complaint, ¶ 84, 89) However, the Commissioner's decision to determine what constitutes a prohibited act, and whether to take action, is discretionary

-4-

1    according to statute. Section 790.03 defines certain prohibited acts by insurers. Section 790.035

2    states that a person who engages in the prohibited acts as defined in section 790.03 is liable to

3    the state for a penalty to be fixed by the Commissioner.   Importantly, section 790.035 makes

4    explicitly clear that the "Commissioner shall have the discretion to establish what constitutes an

5    act." (Ins. Code § 790.035)  Moreover, while section 790.04 gives the Commissioner the power

6    to examine and investigate insurers, section 790.05 gives the Commissioner the discretion to

7    determine whether such an investigation is appropriate, saying:

8    
9    
10    
11    

> "whenever the Commissioner shall have reason to believe that a person has been engaged
> or is engaging in this state in any unfair method of competition or any unfair or deceptive
> act or practice defined in Section 790.03, and that a proceeding by the Commission in
> respect thereto would be in the interest of the public, he or she shall issue and serve upon
> that person and order to show cause ..." (Ins. Code § 790.05)

12    Section 12926, which states the Commissioner shall require from every insurer full

13    compliance with the provisions of the Insurance Code, does not override the specific statutory

14    language contained in sections 790.035 and 790.05, which give the Commissioner discretion to

15    investigate.  Indeed, the provisions of the Insurance Code which the Commissioner should

16    enforce, according to section 12926, explicitly give the Commissioner discretion to enforce

17    section 790.03 *et seq.*

18        *Woman Organized for Employment v. Stein*, 114 Cal. App. 3d 133 (1980) is instructive

19    here. *Stein* involved a similar claim as that raised here, that the Commissioner should be

20    compelled to perform his "duties" with respect to Insurance Code section 790.03.  The trial court

21    sustained respondent's demurrer, without leave to amend, and the Court of Appeal affirmed,

22    explaining "the 'duties' are ... defined in the broadest of terms, and the Legislature has not

23    specified any procedures to be employed in their performance.  The Legislature's silence as to

24    method necessarily imports that each of these officers is invested with discretion in selection and

25    taking administrative action pursuant to the statutes reaching him." *Id.*, at 139.  The

26    Commissioner's duty in this regard is therefore discretionary, and not subject to review.

27        Just as it is wholly within the discretion of a district attorney to determine whether to

28    prosecute (*People v. Vatelli*, 115 Cal. App. 3d 54, 58 (1971)), any decision by the Commissioner

1  as to when and how to perform his duties, and whether to take further action against the

2  Insurance Defendants, is purely within his discretion, and mandamus will not lie to disturb the

3  manner in which he exercises that discretion.  (See, *Painting & Drywall Work Preservation Fund*

4  *v. Aubry*, 206 Cal. App. 3d 682, 687 (1988); the Labor Commissioner cannot be compelled

5  through a mandamus action to investigate complaints; *Fox v. County of Fresno*, 170 Cal. App. 3d

6  1238, 1244; duty under the Health & Safety Code to abate a nuisance could not be read to

7  compel a public agency to act in any particular case; and *State of California v. Superior Court*,

8  12 Cal. 3d 327, 347-48 (1974) mandamus review of an official's discretionary decision over

9  whether to issue a permit not proper.)

### 3.    The Commissioner's Duty to Enforce and Monitor the Terms of the CSA Is Discretionary, Not Mandatory

12  Plaintiff's Prayer for Relief (but not her fifth cause of action) also seeks a writ of

13  mandamus to compel the Commissioner to enforce and monitor the terms of the California

14  Settlement Agreement ("CSA").  The CSA states that:

> "The Insurance Commissioner shall conduct examinations of the Claim Reassessment Unit's claim decisions and compliance with the other terms of the CSA, including changes made in claim handling practices and procedures contemplated by the CSA, all in the manner and at such intervals as he or she deems appropriate in accordance with the Insurance Code and Regulations."  (Complaint, Ex C, at ¶ F.1, pg 10)

19  The Commissioner has the power to determine when and how he will monitor the Claims

20  Reassessment unit, and therefore any determination to do so is an exercise of his discretion.  As

21  the court in *Rodriguez v. Solis*, 1 Cal. App. 4th 495, 501-502 explained:

> "A ministerial act is an act that a public officer is required to perform in a prescribed manner in obedience to the mandate of legal authority and without regard to his own judgment or opinion concerning such act's propriety or impropriety, when a given state of facts exists.  Discretion, on the other hand, is the power conferred on public functionaries to act accordingly to the dictates of their own judgment."  (Accord, *Kavanaugh v. West Sonoma County Union High School District*, 29 Cal. 4th 911, 916 (2003)

27  Plaintiff does not state a statute that gives the Commissioner a mandatory duty to monitor

28  and require compliance with the terms of the CSA, nor can she.  The Commissioner's duties in

1  regard to the CSA arise out of his discretionary duty to investigate and take action against

2  insurers pursuant to sections 790.035 and 790.05.  Those statutes give the Commissioner

3  discretionary, not mandatory duties, thus there is no basis for Plaintiff to proceed on her fifth

4  cause of action.

5          **4.**      **Plaintiff's Requested Relief Is Not Authorized by Law**

6        Moreover, Plaintiff's fifth cause of action fails not only because Plaintiff cannot allege

7  the violation of any mandatory duties by the Commissioner, but also because the relief requested

8  is not authorized by law.  Plaintiff seeks an order which would require the Commissioner to

9  enforce and monitor compliance with the Reassessment process. (Complaint, Prayer ¶ 9)  This

10  relief would result in the Commissioner being ordered to exercise his discretion in a particular

11  manner, a result not allowed by California law.  *Common Cause v. Board of Supervisors, supra,*

12  49 Cal. 3d at 442.

13        Because section 790.03 *et seq* gives the Commissioner discretion to take action against

14  insurers, this Court cannot substitute its judgment for the Commissioner's judgment in this

15  matter, and is without authority to compel him to exercise his discretion in a particular manner.

16  "Mandamus is not available to compel a governmental body to exercise its discretion in a

17  particular manner." *Saathoff v. City of San Diego*, 35 Cal. App. 4th 697, 702 (1995); see also

18  *State of California v. Superior Court, supra*, 12 Cal. 3d at 247 (holding "mandamus cannot be

19  applied to control discretion as to a matter lawfully entrusted to a governmental agency");

20  *Common Cause v. Bd. of Supervisors, supra*, 49 Cal. 3d at 442.)

21        Simply put, Plaintiff seeks not an exercise of discretion, but an order compelling the

22  Commissioner to take action that is at his discretion.  This Court lacks the authority to grant this

23  relief.  Accordingly the cause of action for writ of mandamus is meritless as a matter of law.

24          **5.**      **Plaintiff Has an Adequate Remedy at Law**

25        Plaintiff must further demonstrate that she has no other adequate remedy at law.  CCP §

26  1086; *Omaha Indem. Co. v. Super. Ct. (Greinke)*, 209 Cal.App.3d 1266, 1274-1275 (1989).

27  Here, there unquestionably is an adequate remedy.

28

-7-

1      First, Plaintiff may make a complaint with the DOI and request administrative action.

2  The Commissioner and the DOI may issue directives pertaining to any terms Plaintiff contends

3  are ambiguous.  Yet, there are no allegations that Plaintiff ever complained to the DOI about any

4  allegedly ambiguous policy terms.

5      Second, Insurance Code Section 10390 provides that to the extent that any policy

6  provisions *are* at variance with the Code, the Code will prevail by law.  A writ is not necessary

7  to compel compliance and thus Plaintiff's writ amounts to an impermissible injunction to obey

8  the law.  FRCP 65(d); CCP § 525; *Calif. Satellite Systems, Inc. v. Nichols*, 170 Cal.App.3d 56,

9  71 (1985).

10     Third, Plaintiff's main remedy is this action.  She contends Insurance Defendants have

11  misinterpreted her policies and undoubtedly will ask the Court to interpret their terms in light of

12  California law.  A writ is not necessary to accomplish this objective, nor is the presence of the

13  Commissioner.  Plaintiff may address the issue within this action without suing the

14  Commissioner for a writ of mandamus.

**6.     Plaintiff Fails to Show Irreparable Harm**

16     Plaintiff fails to meet her burden of showing that she will suffer irreparable injury if a

17  writ is not issued.  *Omaha Indem Co., supra*, 209 Cal.App.3d at 1274-1275 (1989).

18     Whether the Commissioner has fulfilled his duties has no bearing on Plaintiff's claims.

19  Plaintiff can pursue those claims against Insurance Defendants and seek a judicial interpretation

20  to determine whether her alleged infirmities are a disability under the policy and California law.

21  A favorable result would provide the relief she seeks; a writ is absolutely unnecessary to achieve

22  this goal.

**7.     Plaintiff's Authority Does Not Support Her Position**

24     Plaintiff's complaint does not seek revocation of any purported approval of the policy.

25  However, in her remand motion, Plaintiff argues three cases hold a cause of action for revocation

26  exists; *Peterson v. American Life & Health Ins. Co.* (9th Cir.1996) 48 F.3d 404,  *Van Ness v. Blue*

27  *Cross of Cal.* (2001) 87 Cal.App.4th 364, and *Brazina v. Paul Revere Life Ins. Co. et al.*, 271

28  F.Supp.2d 1163 (N.D. Cal. 2003).  These cases do not support Plaintiff's action, for the reasons

DEFENDANTS' BRIEF IN OPPOSITION TO MOTION TO REMAND

CASE NO. C07-4366 EMC

1  stated below.

2      In *Peterson,* the insured filed suit against the insurer to obtain reimbursement for the cost

3  of coronary bypass surgery.  The Commissioner was not a party to the action. The court found

4  nothing in the Insurance Code mandated coverage for coronary bypass surgery (*Peterson, supra,*

5  48 F.3d at 410) and in passing, stated dicta that is simply wrong. First, the court speculated that

6  the Commissioner may revoke policy approval. However, Title 10 CCR section 2196.4, which

7  the court cited as authority has nothing to do with disability insurance policies, it only applies to

8  *property and casualty advisory organization policy and bond forms.*  Further, it relies on

9  Insurance Code sections 1855.1 through 1855.5 which expressly do not apply to disability

10  insurance.

11      In addition, disability policy approval may only be withdrawn prospectively, not

12  retroactively.  Insurance Code section 10291.5(f), provides that the Commissioner may withdraw

13  approval, but only after written notice to the insurer, for the reasons that the Commissioner may

14  find to not approve the policy in the first place, and importantly, only "prospectively not

15  retroactively."

16      Second, the court in *Peterson* erred in its dicta when it stated that an insured may seek a

17  writ requiring the Commissioner to revoke his approval, an action the Commissioner is not

18  authorized to perform.  The Commissioner's approval of disability insurance policy forms is

19  conducted in the absence of a hearing, and thus is not open to mandamus pursuant to CCP

20  section 1094.5. "Section 1094.5 is applicable only when a hearing and the taking of evidence

21  among other things are required." (*Keeler v. Superior Court* (1956) 46 Cal.2d 596, 599.)  Rather,

22  CCP section 1085 provides the grounds for mandamus, but it cannot be used to compel the

23  performance of a specific act by a public official. (*State of California v. Superior Court, supra,*

24  12 Cal.3d 237, 247.)

25      Equally inapplicable is the court's opinion in *Van Ness,* a class action suit to which the

26  Commissioner was not a party.  The Court of Appeal held that the terms of the policy were not

27  ambiguous and mentioned in dicta that the Commissioner had approved the policy, and

28  surmised, citing the *Peterson* decision and the same incorrect authority (10 CCR § 2196.4), that

the Commissioner could revoke approval for good cause. (*Van Ness, supra,* 87 Cal.App.4th at 371-372.) That dicta is wrong for the reasons stated above

Finally, this Court's opinion in *Brazina,* was based on the prior rulings in *Peterson* and *Van Ness,* which, as addressed above, do not support Plaintiff's position. Quite simply, Plaintiff has a plain speedy and adequate remedy – this lawsuit -- and Commissioner cannot be compelled to exercise his discretion.

Because Plaintiff cannot allege a claim for mandamus, her fifth cause of action does not provide a basis for remand.

### 8.    Plaintiff Has No Standing to Seek a Remedy Arising from the Reassessment Program and CSA

Plaintiff lacks standing to claim a remedy for relief that arises from the reassessment program for two reasons.

First, the complaint is totally bereft of any allegation that Plaintiff participated in the reassessment program. By failing to 'opt-in' to the reassessment program (Complaint, Ex C, ¶ B, at pg 7) Plaintiff lost any purported status she might have as a beneficiary under the CSA and waived the right to and is estopped from suing to enforce anything related to the CSA or the reassessment.

By her failure to participate, Plaintiff has no viable argument to present regarding the Commissioner's alleged failure to 'enforce and monitor' the reassessment process. Nothing the Commissioner could have done regarding reassessment could possibly impact Plaintiff in any way. Thus, not only does she not have standing to pursue this claim, she has no substantive evidence or basis to pursue those claims.

Second, the CSA and the reassessment program are only directed at: Unum Life Insurance Company of America, Provident Life and Accident Insurance Company and Paul Revere Life Insurance Company. (Complaint, Ex C, ¶ I, at pg 1) Yet, the policies issued to Plaintiff and which are the subject of this litigation were issued by New England Mutual Life Insurance Company. (Complaint, Ex A) Hence, the CSA and the reassessment program have no relevance to this matter, all allegations to the contrary notwithstanding.

-10-

### 9.    Plaintiff's Claims Against the Commissioner Are Time-Barred

#### a.    Plaintiff's Fifth Cause of Action Is Subject to the Three-Year Limitations Period

Plaintiff's fifth cause of action is governed by CCP section 1085 and the applicable statute of limitations depends upon the nature of the obligation to be enforced. *Ragan v. City of Hawthorne*, 261 Cal.Rptr. 219, 222 (Cal.App.1989). Here, the court initially must look to the Insurance Code to determine whether it provides any statute of limitations in actions to review determinations by the Commissioner. Insurance Code section 10291.5(h) provides that review of an action by the Commissioner shall be in accordance with the Code of Civil Procedure. *See Allen v. Humboldt County Board of Supervisors*, 220 Cal. App. 2d 877, 882-85 (1963); *Aroney v. California Horse Racing Bd.*, 145 Cal. App. 3d 928 (1983).

Because Plaintiff has asserted statutory rights under the Insurance Code, the applicable statute of limitations period is three years for "[a]n action upon a liability created by statute." CCP § 338(a); *see Pearson v. County of Los Angeles*, 49 Cal.2d 523, 540 (1957); *Dillon v. Board of Pension Commrs.*, 18 Cal.2d 427, 430-31 (1941).

#### b.    Plaintiff's Claim Accrued When She Was Allegedly Harmed by the Commissioner

With the statute of limitations established the next step in the analysis is to determine when Plaintiff's claim accrued. Plaintiff argues that the accrual date should be when her claim was denied by Insurance Defendants. However, that perspective presupposes that her mandamus claim is directed at the Insurance Defendants, yet the allegations are directed against the Commissioner, from whom a remedy is sought.

Simply put, it is not the actions of the Insurance Defendants that trigger Plaintiff's claims against the Commissioner, but rather, ***the acts or omissions of the Commissioner***. The timeliness of Plaintiff's claims against the Commissioner do not depend on when Plaintiff was allegedly harmed by Insurance Defendants, rather, on when (if ever) Plaintiff was harmed by the Commissioner. Nothing else makes sense. Consequently, the accrual date must be triggered by something the Commissioner did or did not do.

-11-

1    Compelling this determination is the damage that the insured would argue she suffered.

2    She claims not to have received the policies she bargained for, that is to say, policies that comply

3    with California law.  Thus, her remedy is not measured by the damages of a claim denial (that

4    remedy is afforded Plaintiff in her contract and torts claims directed against Insurance

5    Defendants) but rather, a refund of premiums.  If the Commissioner's approval of the subject

6    policy forms harmed Plaintiff, Plaintiff experienced that harm when, in exchange for her

7    premium payments, she received insurance policies that the Commissioner should not have

8    approved.

9    Indeed, upon receipt of the policies Plaintiff had an opportunity and an obligation to read

10   them to confirm that they are what she had purchased before paying premiums.  *Malcolm v.*

11   *Farmers New World Life Ins. Co.*, 4 Cal. App. 4th 296, 304, n.6 (1992); *see also Hackethal v.*

12   *National Casualty Co.*, 189 Cal. App. 3d 1102, 1108-11 (1987).  Plaintiff's receipt of the policies

13   therefore gave her constructive notice that the Commissioner had approved of their terms, and

14   her acceptance of the policies without objection now precludes her from contending otherwise.

15   *Aetna Casualty & Surety Co. v. Richmond*, 76 Cal. App. 3d 645, 652 (1977).

16   It therefore follows that, as of 1987 (Complaint, Ex. A), Plaintiff had both notice of facts

17   sufficient to put a prudent person on inquiry about the Commissioner's approval of the policies

18   and the means for discovering those facts.  *Sime v. Malouf*, 95 Cal. App. 2d 82 (1949).  The

19   judicial admissions in Plaintiff's complaint therefore conclusively establish that her claim against

20   the Commissioner accrued no later than 1987, that is, 20 years before she filed the complaint in

21   this action.  *See, e.g., American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988)

22   (Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial

23   admissions conclusively binding on the party who made them.)  Thus, Plaintiff's failure to seek

24   judicial review of the Commissioner's approval until more than 20 years after she received the

25   policies, establishes that her claim against the Commissioner is untimely.  *Id.*  If Plaintiff's tactic

26   were accepted, there would never be a limit to mandamus since a claimant could always name

27   the Commissioner and contend he approved ambiguous terms no matter how far back in time

28   from the issuance of the policy.

-12-

In her moving papers, Plaintiff relies heavily on a ruling by Judge Jenkins in *Sullivan v. Unum Life Ins. Co. Of America*, 2004 U.S. Dist. LEXIS 7010 (N.D. Cal. 2004) to support her limitations argument. Defendants submit that the better reasoned opinion was issued by Judge Walker in *Borsuk v. Massachusetts Mutual Life Insurance Company, et al.*, 2003 U.S. Dist. LEXIS 25259 (N.D. Cal. 2003) and that it is to *Borsuk* that this Court should look for guidance.[1]

In *Borsuk*, Judge Walker analyzed CCP section 338 and determined that the three year statute of limitations applied. Judge Walker concluded:

> Borsuk was on notice of the terms of the second issued policy no later than 1992, the date he agreed to the terms of the policy. This action was commenced ten years after that date and (presumably) more than ten years after the policy form at issue was approved. The complaint provides no support for any conclusion other than that Borsuk's claims against the commissioner are time-barred.

> If [i]t is pellucid that by the time the complaint in question was filed...the statute of limitations had long since run, time-barred claims against an in-state defendant cannot be asserted to defeat diversity. [Citation.] Borsuk has asserted only time-barred claims against the commissioner for mandamus relief. Because relief on those claims, even if those claims are valid, is no longer available based on the applicable statute of limitations, Borsuk has failed to assert claims against the commissioner on which relief may be granted. Accordingly, the court must conclude that the commissioner has been named in ther action as a sham defendant. (*Borsuk* order at pp. 17-18.)

To rebut *Borsuk*, Plaintiff advances Judge Jenkins' order in *Sullivan*. However, the *Sullivan* order is predicated entirely on the finding that: "[i]t seems unfair to hold categorically that Plaintiff had notice of the way defendants would administer the policy" before benefits were denied. *Sullivan, supra*, at 11. But the issue is not how Insurance Defendants administered the policy, it is whether the policies should have been approved by the Commissioner. Again, it is

---

[1] The same issue is again before Judge Walker in *Alan Sukin v. State Farm Mutual Auto. Ins. Co., et al*, Case No. C07-2829. The remand motion has been briefed and submitted. A similar motion is pending before Judge Hamilton: *Hughes v. Unumprovident Corporation, et al.*, Case No. C07-4088. Plaintiff's counsel has filed her opening brief and the matter is set for hearing on November 28, 2007. (Ferry Declaration, ¶¶ 9, 10). The Commissioner has also filed demurrers in two similar cases pending in San Francisco Superior Court. The demurrers were sustained with leave to amend and the Commissioner has filed a second demurrer in each case. The combined hearing on those demurrers is scheduled for November 27, 2008. (Request for Judicial Notice, Ferry Declaration, ¶¶ 3-8, 11, Exs A and B).

1   the action of the Commissioner and not the Insurance Defendants that is at issue here. Moreover,

2   Plaintiff has a remedy to address how the policies were administered by Insurance Defendants

3   and that is the primary one she is pursuing – breach of contract and her attendant (if ill-pled) tort

4   causes of action against Insurance Defendants.

5        Thus, Plaintiff's remedy will not be affected, and no unfairness will attach to an order

6   denying remand.

7        Accordingly plaintiff's fifth cause of action against the Commissioner is time barred and

8   cannot be used to support remand.

9   ### V.  THE ONLY PROCEDURAL DEFECTS LIE WITH PLAINTIFF

10      **A.**    **Plaintiff Waived All Procedural Objections to the Commissioner's**

11            **Nonjoinder in the Removal By Filing a Tardy Remand**

12       Plaintiff argues on remand that Defendants' Notice of Removal is procedurally defective

13  due to the Commissioner's nonjoinder in the removal.  Remand at 25.  A motion to remand for a

14  procedural defect must be made within 30 days after the filing of the removal notice.  28 U.S.C.

15  § 1447(c).  It is well-established that failure to join all defendants in the removal is a

16  "procedural" defect and failure to timely raise that objection waives it to prevent remand on this

17  basis. *See Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d

18  1034, 1038 (9th Cir. 1995) ("a district court lacks power to issue a remand order in violation of

19  section 1447(c)"); *Manilar v. FDIC*, 979 F.2d 782, 786 (9th Cir. 1992) (holding that failure to

20  comply with the 30-day time limit for remand deprives a district court of power to order remand

21  on the basis of a defect in removal procedure); *Concorde Financial Corp. v. Value Line, Inc.*,

22  2004 U.S. Dist. LEXIS 2040, *11 (S.D.N.Y. 2004) ("a district court has no power to remand a

23  case to state court on the basis of a defect in the removal procedure"); *Wilson v. Suzuki of*

24  *Orange Park, Inc.*, 2005 U.S. Dist. LEXIS 34207, *18 (M.D. Fla. 2005) (same).

25  Defendants' Notice of Removal was filed on August 23, 2007.  The deadline for Plaintiff's

26  remand was September 22, 2007.  Plaintiff did not file her motion until September 25, 2007,

27  thereby waiving the objection regarding the Commissioner's nonjoinder.

28

**B.    The Citizenship Allegations are Properly Pled**

Contrary to Plaintiff's allegations in her remand motion, the parties to this action are diverse.

Plaintiff is a citizen of California (Complaint, ¶ 1)

The Unum Group (formerly known as defendant Unumprovident Corporation) is a general corporation organized under the laws of the State of Delaware, with its principal place of business located in Chattanooga, Tennessee.  Defendant Unum Corporation no longer exists as a legal entity.  (Roth Declaration, ¶¶ 3-6)

Defendant Metlife Insurance Company is the successor in interest by merger to defendant New England Mutual Life Insurance Company.  MetLife Insurance Company is incorporated in the State of New York with its principal place of business in New York City, New York. (Request for Judicial Notice, Ferry Declaration, ¶ 12, Ex C)

**C.    The Amount in Controversy Satisfies the Jurisdictional Limits**

The amount at issue in this action exceeds the Court's $75,000 jurisdictional limit.

New England Mutual Life Insurance Company's Policy No. D118455, issued to Plaintiff provides a maximum monthly benefit of $2,000 to age 65. (Complaint, Ex A)  Plaintiff submitted a claim under Policy No. D 118455 and received benefits for the period May 21, 2004 through March 1, 2005 in the amount of $18,733.33.  No further payments have been made under this policy. (Backus Declaration, ¶¶ 3, 5)

New England Mutual Life Insurance Company's Policy No. D118456, issued to Plaintiff, provides a maximum monthly benefit of $3,000 for 12 months, or $36,000.  Plaintiff submitted a claim under Policy No. D 118456 and received benefits for the period May 21, 2004 through December 1, 2004 in the amount of $19,000.  No further payments have been made under this policy. (Backus Declaration, ¶¶ 4, 6)

Thus, as of November, 2007, Plaintiff's claim for back benefits under Policy No. 118455 is $64,000 (March 1, 2005-October 31, 2007; 32 months x $2,000).  Plaintiff's claim for back benefits under Policy No. 118456 is $17,000.00 ($36,000-19,000.00).  Accordingly, Plaintiff's total claim for back benefits as of the time of this motion is $81,000.00 ($64,000 + 17,000.00) an

1    amount in excess of the Court's jurisdictional limits.

2          In addition, Plaintiff further claims that she is entitled to future benefits under Policy No.

3    118455.  Plaintiff was born in 1950 (Complaint, Ex A) hence, her claim for future benefits would

4    extend to 2015.  That is approximately 8 years in the future.  If Plaintiff were paid benefits to

5    2015, that amount would be approximately $192,000.  Her claim for the present value of this

6    sum alone exceeds the jurisdictional limits. (Backus Declaration, ¶ 7)

7          Thus, Plaintiff's contract claim alone (without an examination of her claim for emotional

8    distress, bad faith, attorneys fees, costs and punitive damages) exceeds the jurisdictional limits of

9    this Court.

10                          **VI.  CONCLUSION**

11          For the reasons set forth above, the Insurance Defendants respectfully submit that

12    jurisdiction properly lies in this Court and that Plaintiff's motion to remand should be denied.

13

14                          KELLY, HERLIHY & KLEIN

15

16    Date: October 25, 2007          By _____

17                                    John C. Ferry
                                      Attorneys for Defendants
18                                    UNUM GROUP (formerly known as
                                      UNUMPROVIDENT CORPORATION),
19                                    UNUM CORPORATION (a now non-existent
                                      entity, properly referred to as Unum Group) and
20                                    METLIFE INSURANCE COMPANY (successor
21                                    in interest by merger to NEW ENGLAND MUTUAL
                                      LIFE INSURANCE COMPANY)
22

23    E:\27198\P06.doc

24

25

26

27

28

                                    -16-