Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
Bennett M. Cohen, Esq. SBN 90865
**BOURHIS & MANN**
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660; Fax: (415) 421-0259

Attorneys for Plaintiff CLAUDIA BLAKE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA BLAKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNUMPROVIDENT CORPORAITON; UNUM CORPORATION, NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1 through 20, inclusive<br><br>　　　　Defendants. | ) Case No.: C 07-4366 MHP **(E-FILING)**<br>)<br>) PLAINTIFF CLAUDIA BLAKE'S REPLY<br>) BRIEF RE MOTION FOR REMAND<br>) BACK TO STATE COURT AND<br>) REQUEST FOR COSTS AND FEES (28<br>) U.S.C. §§ 1332 and 1447(c))<br>)<br>) [Filed concurrently with Plaintiff's Notice<br>) of Motion; Declarations in Support<br>) Thereof]<br>)<br>) DATE:　Monday, November 19, 2007<br>) TIME:　2:00 P.M.<br>) DEPT:　Courtroom 15<br>)<br>　TRIAL DATE: Not Yet Set |

## I. <u>INTRODUCTION</u>

Most of the arguments made in the opposition papers of Unumprovident Corporation, Unum Corporation and New York Life Insurance Company (hereafter referred to collectively as "Defendant Insurer") are already addressed in the Motion to Remand of Plaintiff Claudia Blake ("Plaintiff"). Plaintiff, accordingly, will now address only specific points or arguments made by Defendant Insurer.

First, as set forth in greater detail below, the principal case on which Defendant Insurer relies in its opposition, *Borsuk v. Massachusetts Mutual Insurance Company*, 2003 U.S. Dist. Lexis 25259, *25 (N.D. Cal. 2003), issued by the Honorable Vaughn Walker, in essence, was just repudiated by Judge Walker in his recent order granting remand in *Sukin v. State Farm Mutual Insurance Company*, Case No.: CV07-02829 VRW. Accordingly, as far is known, all district court judges in the Northern District who has considered identical issues as involved herein have found a viable cause of action against the Commissioner of the Department of Insurance ("Commissioner") and ordered remand.

Second, Defendant Insurer devotes most of its opposition papers to arguing that Plaintiff has no cause of action for mandamus with respect to the Commissioner's actions under California Insurance Code Section 790.03 and with respect to the California Settlement Agreement ("CSA") -- and all but ignores the principal issue of whether Plaintiff has a viable cause of action against the Commissioner with respect to his alleged failure to discharge his mandatory duty to <u>only</u> approve insurance policy provisions which comply with the California Insurance Code and to withdraw those provisions which do not.

Third, as the courts presently appear unanimous that an insured has a cause of action for mandamus against the Commissioner with respect to his approval of a policy provision that violates the California Insurance Code and also appear unanimous that this cause of action does not run until the insured's claim is denied, Defendant Insurer has no legal authority on which to argue that it is "obvious" under state law that Plaintiff has no viable cause of action against the Commissioner.

## IV. LEGAL ARGUMENT

### A. DEFENDANT INSURER CAN NOT LONGER LOGICALLY RELY ON *BORSUK V. MASSACHUSETTS MUTUAL INSURANCE COMPANY* AS THE DISTRICT COURT WHICH ISSUED IT, IN ESSENCE, HAS REPUDIATED IT

In his recent order in *Sukin v. State Farm Mutual Insurance Company*, Case No.: CV07-02829 VRW, the Honorable Vaughn Walker, the same District Court Judge who issued *Borsuk v. Massachusetts Mutual Insurance Company*, reached a diametrically opposed conclusion in an

insurance bad faith case indistinguishable from the case herein. (Please note that Defendant Insurer specifically refers to *Sukin v. State Farm Mutual Insurance Company*, Case No.: CV07-02829 VRW in its opposition papers. A complete copy of Judge Walker's opinion is attached to the Declaration of Bennett M. Cohen -- which is also accompanied by a Request for Judicial Notice.)

### 1. Judge Walker Held That A Plaintiff In An Indistinguishable Case Can State A Viable Cause Of Action Against The Commissioner Under California Law

As set forth in Plaintiff's moving papers, even in *Borsuk v. Massachusetts Mutual Insurance Company*, the Judge Walker stated that a Plaintiff has a viable cause of action for mandamus against the Commissioner. Judge Walker nevertheless denied remand on the sole ground that, he decided, the statute of limitations ran from the date the insured purchased the policy -- a position which he *expressly rejected* by the Court in *Sukin v. State Farm Mutual Insurance Company*.

As Judge Walker states in his Order granting remand in *Sukin v. State Farm Mutual Insurance Company*, the plaintiff "**undoubtedly**" has a cause of action under California Insurance Code Section 10291.5 against the Commissioner. As Judge Walker states:

> Based on the above considerations, the court finds that Sukin's lawsuit is not barred by well-settled rules of existing state law. The court cannot conclude that DOI is a sham defendant, whose presence should be disregarded for purposes of establishing diversity jurisdiction. Because State Farm bears a heavy burden of establishing the presence of sham defendants, **because Sukin has avowed his desire to seek individual liability against DOI and can, undoubtedly, so seek liability under Cal Ins Code § 10291.5, the court determines that State Farm has not carried its burden of demonstrating the existence of removal jurisdiction.**
>
> IV
>
> **The court, therefore, determines that State Farm has not satisfied its burden of demonstrating that DOI is a sham defendant.** As a result, this matter must be remanded to state court, as complete diversity of citizenship is lacking. (Page 14.) (Emphasis added.)

In finding that the Commissioner is not a "sham" defendant, Judge Walker found that

Defendant Insurer had failed to carry its burden to establish that Plaintiff has no viable cause of action against him under state law – and ordered remand.

### 2. Judge Walker Expressly Finds That The Statute Of Limitations Does Not Begin To Run Against The Commissioner Until Plaintiff's Claim Is Denied -- Thereby Rejecting Defendant Insurer's Argument That The Statute Begins To Run When Plaintiff Purchases A Defective Or Illusory Policy

A key issue in *Sukin v. State Farm Mutual Insurance Company, supra*, was whether the statute of limitations was triggered by the insured's purchase of the policy or, rather, was triggered by the insurer's denial of the insured's claim. In finding that the denial of the claim triggers the running of the statute of limitations, Judge Walker stated:

> State Farm's above two arguments [regarding the statute of limitations] fail for an independent reason. As Sukin points out, a plaintiff must have standing before bringing an action in California court. Doc #14 at 8.
>
> > Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute. The issue of whether a party has standing focuses on the plaintiff, not the issues he or she seeks to have determined. A person who invokes the judicial process lacks standing if he, or those whom he properly represents, does not have a real interest in the ultimate adjudication because [he] has neither suffered nor is about to suffer any injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented.
>
> Blumhorst v Jewish Family Services of Los Angeles, 126 Cal App 4th 993, 1001 (2005) (citations and internal quotes omitted). Here, Sukin did not acquire the policy until August 18, 2000 and was not denied coverage until March 18, 2003. Doc #1, Ex 1. **Accordingly, State Farm's position that Sukin was required to bring his claim against DOI in 1995 is untenable. Under California's standing requirements, the earliest date on which Sukin could have brought his claim was March 18, 2003.**
>
> State Farm next argues that Sukin's claim against DOI is time-barred under Cal CCP § 338, which creates a three-year limitations period for "an action upon a liability created by statute." As discussed above, Sukin's claim against DOI is premised on Cal Ins Code § 10291.5, which subjects the Commissioner

to judicial review over his approval of insurance policies. Accordingly, State Farm argues, Sukin was required to bring his claim against DOI within three years of February 6, 1995. Doc #20 at 6. This is incorrect. **As discussed above, Sukin did not have standing to bring this action until March 18, 2003 at the earliest. See also Sullivan v Unum Life Ins Co of America, 2004 WL 828561, (ND Cal) ("It seems unfair to hold categorically that Plaintiff had notice of the way defendants would administer the policy before [defendant insurer] denied him benefits.")** (Page 9-10.) (Emphasis added.)

As Judge Walker expressly repudiates Defendant Insurer's argument that the statute of limitation runs from the date of the purchase of the policy, in essence, no known court case (other than the repudiated *Borsuk v. Massachusetts Mutual Insurance Company* case) exists which supports Defendant Insurer's statute of limitations argument. On the other hand, as set forth in Plaintiff's moving papers, the Honorable Susan Illston, the Honorable Martin Jenkins and now the Honorable Vaughn Walker have all <u>rejected</u> insurers' arguments that the three year statute of limitation under California Code of Civil Procedure runs from the date of the purchase of the policy – and all have granted remand.

### B. <u>Contrary To Defendant Insurer's Argument, The California Insurance Code Itself Imposes Mandatory Duties On The Commissioner</u>

As California Insurance Code Section 12921 provides in pertinent part:

> **§ 12921. Performance of duties imposed by law; Settlement in administrative action to enforce law**
>
> **(a) The commissioner <u>shall</u> <u>perform</u> all duties imposed upon him or her by the provisions of this code and other laws regulating the business of insurance in this state**, and shall enforce the execution of those provisions and laws. (Emphasis Added.)

This section of the California Insurance Code as well the other sections cited in Plaintiff's moving paper could not be more explicit that the Commissioner is indeed bound by certain mandatory duties. If, as Defendant Insurer contends, all of these duties were within the Commissioner's discretion, the insurance code provisions would read that the Commissioner "may perform" the duties specified. Clearly, the Legislature chose different terms – terms indicating mandatory duties.

### C. Contrary To Defendant Insurer's Argument, Plaintiff Need Not Demonstrate "Irreparable Harm" In Order To Seek And Obtain A Writ Of Mandate

In its opposition papers, Defendant Insurer incorrectly cites *Omaha Indemnity Company v. Superior Court* (1989) 209 Cal. App.3d 1274 for the proposition that Plaintiff must demonstrate that he will suffer "irreparable harm" if the writ is not granted.

*Omaha Indemnity Company v. Superior Court*, supra, involved an insurance company's effort to obtain a writ of mandate to reverse the trial court's ruling and sever a declaratory cause of action in which it was named as a defendant in the same lawsuit in which the party it insured was also a named defendant. Accordingly, that case had nothing whatsoever to do with an action to compel the DOI -- or any other state administrative agency -- to perform a mandatory duty required by a California statute. In neither *Brazina v. Paul Revere Life Ins. Co, et al*, 271 F.Supp.2d 1163 (N.D. Cal. 2003) nor *Van Ness v. Blue Cross of Cal.* (2001) 87 Cal.App.4th 364, both of which held valid a cause of action directed at the Commissioner seeking a writ of mandamus, moreover, did the court require that the plaintiff allege or prove "irreparable injury."

*Defendant Insurer's contention in its Notice of Removal that the statute of limitations ran within 3 years of the Plaintiff becoming insured -- and even before he suffered a denial of benefits due to an unintelligible or ambiguous policy provision -- runs directly counter to Defendant Insurer's other contention that Plaintiff cannot bring an action for a writ without showing "irreparable injury." How can Plaintiff show "irreparable injury" unless and until his claim is denied?*

### D. Defendant Insurer Mischaracterizes The Facts And Holding In *Women Organized for Employment v. Stein* As To Whether An Insured Can State A Cause Of Action For Mandamus Against The Commissioner With Respect To His Failure To Discharge His Mandatory Duty Under California Insurance Code Section 790.03

Defendant Insurer cites *Women Organized for Employment v. Stein*, (1980) 114 Cal. App. 3d 13, for the proposition that the Commissioner has unfettered discretion with respect to not only how it enforces California Insurance Code Section 790.03 barring certain unfair claims practices *but, in essence, whether it enforces Section 790.03*. Defendant Insurer's characterization is not correct.

In *Women Organized for Employment v. Stein*, the court denied mandamus on the ground that

the plaintiff sought to require the Commissioner to collect specific data which the plaintiff maintained was necessary for the regulation of the insurance industry but which the Commissioner was not required by statute to collect. In denying mandamus, the court stated:

> Appellants have **not alleged in their petition that either of these two respondents has failed to perform the duties explicitly exacted of him by any of the various statutes**... (Emphasis Added.)

In this case, unlike in *Women Organized for Employment v. Stein*, supra, Plaintiff seeks to obtain or order compelling the Commissioner to do what he is expressly required to do under California Insurance Code Section 12926 which provides as follows:

> The **Commissioner shall require** from **every insurer** a **full compliance** with **all the provisions of this code**. (Emphasis Added.)

California Insurance Code Section 790.03 bans certain claims practices and requires insurers doing business in California, *inter alia*, to refrain from these forbidden claims practices. California Insurance Code Section 790.04 gives the Commissioner the power to investigate whether insurers are engaged in forbidden claims practices. California Insurance Code Section 704 authorizes the Commissioner to suspend an insurer's right to issue policies in California for, among other reasons, "not carrying out its contracts in good faith."

As Plaintiff has alleged that the Commissioner has failed to discharge this mandatory duty, Plaintiff has alleged a viable cause of action with respect to Section 790.03. Whether the Commissioner, in fact, has taken even marginally meaningful steps to enforce Section 790.03 with respect to Defendant Insurer's conduct in this case is a question of fact which can only be adjudicated based on evidence which is not *presently* before the Court.

### E. As The Commissioner Has Been Served And Is Being Asked To Answer The Complaint Within Ten Days Of Service Of This Court's Ruling On This Motion To Remand, Defendant Insurer Cannot Credibly Contend That Plaintiff Is Not Prosecuting The Case Against The Commissioner

As set forth in the Declaration of Bennett M. Cohen, Plaintiff Alan Sukin has served the Commissioner in the *Sukin* case and has withdrawn a previously granted extension to answer the complaint. Similarly, in the instant case, Plaintiff has written to the Commissioner and advised that

an answer to the complaint is expected within 10 days of service of this Court's ruling on Plaintiff's motion to remand.

Plaintiff is not asking the Commissioner for an answer to the complaint prior to the Court's ruling on the instant motion to remand as Plaintiff does not wish to provide Defendant Insurer with the argument, however unfounded or tenuous, that Plaintiff has waived her right to state court jurisdiction by demanding that the Commissioner answer while the case is still before the District Court.

### F. Plaintiff's Motion To Remand Was Timely Filed As Federal Rule Of Procedure 6(e) Extends The Time For Filing By Three Days When A Notice Of Removal Is Served By Mail Or Electronically

Although no Ninth Circuit Court of Appeals decision on point can be located, *N.J. Dep't of Envtl. Prot. v Exxon Mobil Corp.* (2005, DC NJ) 381 F. Supp 2d 398 held that the 30 day period for filing a motion to remand was extended 3 days by reason of the service of a Notice of Removal by mail. As the court stated:

> Only two cases within this Circuit directly on point have been brought to the Court's attention, In re: Diet Drugs Products Liability, 2004 U.S. Dist. LEXIS 18705, 2004 WL 2062894 (E.D.Pa. Sept. 15, 2004) (following Pavone without further analysis and holding Rule 6(e) does not apply to extend the thirty days provided by § 1447(c)) and McPherson v. Peelle Co., 1995 U.S. Dist. LEXIS 1619, 1995 WL 56600 (E.D.Pa. Feb. 6, 1995) (holding Rule 6(e) does apply). The two cases reach contrary results, but the reasoning of the District Court in McPherson is more persuasive. The McPherson Court interpreted previous holdings of the Third Circuit to demonstrate that Rule 6(e) is "inapplicable to situations where the time period commences upon the entry of a court order or judgment" but does apply "where the opposing party triggers the applicable response period." 1995 U.S. Dist. LEXIS 1619, 1995 WL 56600 at *2. The rationale here is that "an opposing party is more likely to use service by mail for a strategic advantage and Rule 6(e) compensates for this possibility." Id. Similarly, Rule 6(e) does not apply where the time period only begins once notice is received. 1995 U.S. Dist. LEXIS 1619, [WL] at *3. In such a case, the rule is not necessary because the method of service is irrelevant and the "applicable response period commences when the party receives notice, negating any advantage to be gained by service by mail." Id.
>
> **As such, under Rule 6(e), NJDEP's motion to remand, which was filed within thirty-three days of the filing of notice of removal, was timely filed. Thus, NJDEP has not waived its right to move for remand on the basis of any defects in removal procedure.** (Emphasis Added.) *N.J. Dep't of Envtl. Prot. v Exxon Mobil*

*Corp., supra* at 402.

In this case, as set forth in the Declaration of Bennett M. Cohen, Defendant Insurer's Notice of Removal was served by mail on August 24, 2007, the day after it was filed. In other words, Defendant Insurer, in essence, provided Plaintiff with less than 29 days within which to file a motion to remand which would by timely to challenge procedural defects in the removal. Accordingly, fundamental fairness – in addition to Federal Rule of Civil Procedure 6(e) -- dictates that Plaintiff should have additional time within which to file a motion to remand.

In any event, even were this court to find that the motion to remand was filed 3 days after the required period, such a delay would only bar Plaintiff from arguing that the Notice of Removal was procedurally defective and would <u>not</u> in any way affect Plaintiff's argument that the federal courts do not have jurisdiction because a non-diverse defendant has been named in the action. See 28 U.S.C.S. § 1447(c), *Maniar v. Federal Deposit Ins. Corp.*, (9th Cir. 1992) 979 F.2d 782, 784-485.

## VI. CONCLUSION.

For the reasons shown, Plaintiff respectfully requests that this Court order remand. In the alternative, Plaintiff requests that if this Court finds that the pleadings are in some manner insufficient, he be allowed to amend and thereafter request remand.

Respectfully submitted,

Dated: November 5, 2007

**BOURHIS & MANN**

By: *[signature]*
Ray Bourhis, Esq.
Bennett M. Cohen, Esq.
Attorneys for Plaintiff CLAUDIA BLAKE

# PROOF OF SERVICE
### Claudia Blake v. Unumprovident Corporation, et al.
### U.S. District Court, Northern District of California, Case No. C07-4366 EMC

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On November 5, 2007, I will serve the following documents:

PLAINTIFF CLAUDIA BLAKE'S REPLY BRIEF RE: MOTION FOR REMAND BACK TO STATE COURT

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION)**
**FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION) and NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY**
John C. Ferry, Esq.
Thomas M. Herlihy, Esq.
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Ste. 2500
San Francisco, CA 94104-4798
Phone: (415) 951-0535
Fax:    (415) 391-7808
Email: jferry@kelher.com
Email: herlihy@kelher.com

(X) (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on November 5, 2007.

_____
Mary M. Martin