Ray Bourhis, Esq. SBN 53196
Lawrence Mann, Esq. SBN 83698
Bennett M. Cohen, Esq. SBN 90865
**BOURHIS & MANN**
1050 Battery Street
San Francisco, CA 94111
Tel: (415) 392-4660
Fax: (415) 421-0259

Attorneys for Plaintiff CLAUDIA BLAKE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA BLAKE,<br><br>    Plaintiff,<br><br>v.<br><br>UNUMPROVIDENT CORPORATION; UNUM CORPORATION, NEW ENGLAND LIFE MUTUAL LIFE INSURANCE COMPANY, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE and DOES 1 – 20, inclusive,<br><br>    Defendants. | Case No.: C 07-4366 MHP (E-FILING)<br><br>DECLARATION OF BENNETT M. COHEN IN SUPPORT OF PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT<br><br>DATE :  Monday, November 19, 2007<br>TIME :  2:00 P.M.<br>PLACE:  Courtroom 15<br><br>[Filed concurrently with Plaintiff's Reply in Support of Motion for Remand; Declarations in Support Thereof]<br><br>TRIAL DATE: NONE SET |

I, Bennett M. Cohen, hereby declare:

1.    I am one of the attorneys engaged to represent Plaintiff in the instant action. I have personal knowledge of the facts stated herein and, if called to testify I could and would so testify.

2.    I attended the hearing before the Honorable Vaughn Walker on Plaintiff Alan Sukin's motion to remand in *Sukin v. State Farm Mutual Insurance Company*, Case No.: CV07-

02829 VRW. According to Mary Martin, secretary at Bourhis & Mann, the Order granting Plaintiff Alan Sukin's motion to remand which is attached hereto as Exhibit "A" is a true and correct copy of the Order received by e-file at Bourhis & Mann from the U.S. District Court. (Please see the Declaration of Mary M. Martin.)

3.  In the *Sukin v. State Farm Mutual Insurance Company*, the Commissioner of the California Department of Insurance has been instructed to answer Plaintiff Sukin's complaint. In the instant case, Bourhis & Mann is sending a letter to the Commissioner of the California Department of Insurance -- who has been served – instructing the Commissioner to answer Plaintiff's complaint within ten days of service of this Court's order adjudicating Plaintiff's motion to remand. The only reason that Bourhis & Mann is not requesting that the Commissioner answer before that time is that we do not wish to provide Defendant Insurer with any argument, however unfounded or tenuous, that Plaintiff has somehow waived his right to state court jurisdiction by demanding that the Commissioner file a responsive pleading while the case is still pending in federal court.

4.  Based on my review of the Notice of Removal papers served by the Defendant Insurer, the Notice of Removal was filed on August 23, 2007. According to the proof of service provided by Defendant Insurer, the Notice of Removal and all related papers were served by mail on August 24, 2007.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 5th day of November, 2007, at San Francisco, California.

BENNETT M. COHEN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN SUKIN,<br><br>    Plaintiff,<br><br>    v<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INSURANCE COMPANIES, THE COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE, and DOES 1-50,<br><br>    Defendants.<br>_____/ | No   C 07-2829 VRW<br><br>ORDER |

    Plaintiff Alan Sukin ("Sukin") filed a complaint in California superior court against defendants State Farm Mutual Automobile Insurance Company and State Farm Insurance Companies (collectively "State Farm"), alleging that State Farm wrongfully denied disability benefits due Sukin under his State Farm policy after Sukin became disabled from his occupation as a network architect/project manager. Sukin also brought claims against the



EXHIBIT "A"

California Department of Insurance ("DOI") for its approval of the policy language at issue. On May 31, 2007, State Farm filed a notice of removal with this court, contending that DOI was fraudulently joined. Doc #1. Sukin moves to remand (Doc #14) and State Farm's moves to dismiss the complaint. Doc #3. For reasons discussed below, the court, GRANTS Sukin's motion to remand and TERMINATES State Farm's motion to dismiss.

I

The facts that follow in section A are taken from Sukin's complaint. Doc #1, Ex 1.

A

State Farm issued a disability insurance policy ("the policy") to Sukin on August 18, 2000. Id ¶6, Ex A. On December 27, 2002, Sukin slipped and fell on a wet floor, resulting in severe and permanently disabling injuries to his cervical spine and upper back as well as carpal tunnels in both wrists. Id ¶10. Sukin made a claim for total disability benefits under the policy on March 15, 2003. Id ¶11. Under the policy, "Total Disability or Totally Disabled means complete incapacity, as the result of your Injury or Sickness: (1) to perform the major, substantial or material duties pertaining to an occupation as defined herein for remuneration or profit [and] (2) which requires the regular care of a Physician other than yourself." Id ¶7, Ex A at 6.

On March 18, 2003, State Farm informed Sukin that he could not receive benefits under the policy because he was already on disability under a separate mortgage disability insurance policy. Id ¶13. State Farm informed Sukin again on March 15, 2004

that Sukin could not receive benefits under the policy. Id ¶14. State Farm failed to pay Sukin any benefits under the policy until August 25, 2005. Id ¶15.

B

On April 20, 2007, Sukin filed a complaint in San Francisco superior court alleging that State Farm misrepresented the policy provisions. Sukin brought claims for breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation and intentional infliction of emotional distress against State Farm. Sukin also brought a claim for writ of mandamus against DOI, contending that the Commissioner of DOI should not have approved the relevant policy language because it was ambiguous and at variance with the minimum requirements of the California Insurance Code with respect to policy definitions of disability.

State Farm removed the action to this court on May 31, 2007 on the basis of diversity of citizenship alleging that Sukin fraudulently joined DOI to destroy diversity jurisdiction. Doc #1 Sukin is a resident of California. Id. State Farm is an Illinois corporation. Id. Along with its notice of removal, State Farm filed a motion to dismiss the complaint. Doc #3. Sukin filed a motion to remand on July 2, 2007. Doc #14.

II

An action may be removed to federal court if it could have been brought there originally. 28 USC § 1441. In order to establish diversity jurisdiction, the removing defendant must demonstrate that: (1) all plaintiffs are of different citizenship

3

from all defendants and (2) the amount in controversy, exclusive of interest and costs, exceeds the current jurisdictional minimum of $75,000. See 28 USC § 1332(a); see also <u>Singer v State Farm Mut Auto Ins Co</u>, 116 F3d 373, 376 (9th Cir 1997).

The party opposing a motion to remand has the burden to demonstrate the existence of federal jurisdiction. See <u>Emrich v Touche Ross & Co</u>, 846 F2d 1190, 1195 (9th Cir 1988). Because the removal statute, 28 USC § 1441, is strictly construed against removal, any doubt regarding the propriety of removal must be resolved in favor of remand. See <u>Plute v Roadway Package System, Inc</u>, 141 F Supp 2d 1005, 1007 (ND Cal 2001) (citing <u>Boggs v Lewis</u>, 863 F2d 662, 663 (9th Cir 1988)).

"A district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent." <u>Plute</u>, 141 F Supp 2d at 1007. "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Id, citing <u>Nishimoto v Federman-Bachrach & Assocs</u>, 903 F2d 709, 712 n3 (9th Cir 1990); <u>Emrich v Touche Ross & Co</u>, 846 F2d 1190, 1195 (9th Cir 1988). "[A] defendant will be deemed to have been fraudulently joined if, regardless of plaintiff's motive or good faith, plaintiff has no chance of succeeding in its claim against the challenged defendant." <u>Morris v Princess Cruises, Inc</u>, 236 F3d 1061, 1067-68 (9th Cir 2001).

"In deciding whether a cause of action is stated we have declared that we will look only to a plaintiff's pleadings to determine removability. * * * [But w]here fraudulent joinder is an

4

issue, we will go somewhat further. The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." Ritchey v Upjohn Drug Co, 139 F3d 1313, 1318 (1998) (internal quotation marks and citations omitted). The posture of an opposition to a motion for remand based on a fraudulent joinder theory is thus similar to the posture on a motion for summary judgment. See Morris, 236 F3d at 1068. A defendant may demonstrate fraudulent joinder factually, because if it would be appropriate to grant summary judgment on the sham defendant's claim, then the removing defendant has demonstrated that "the individuals joined in the action cannot be liable on any theory." Ritchey, 139 F3d at 1318. Any ambiguities or contested issues of fact must be resolved in plaintiff's favor. Travis v Irby, 326 F3d 644, 649 (5th Cir 2003).

### III

State Farm does not dispute that an insured who is denied benefits under an allegedly ambiguous policy can petition for writ of mandamus to compel DOI to revoke approval of the policy. See Brazina v Paul Revere Life Ins Co, 271 F Supp 2d 1163 (ND Cal 2003):

> This court finds that Brazina's petition for a writ of mandamus to challenge the DOI Commissioner's approval of the insurance policy language under section 10291.5 of the California Insurance Code is a viable cause of action. Section 10291.5 gives the Commissioner the duty and power to approve disability insurance policies. Subparagraph (b)(1) provides that "[t]he commissioner shall not approve any disability policy for insurance or delivery in this state * * * [i]f the commissioner finds that it contains any provision * * * which is unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued." Cal Ins Code § 10291.5(b)(1).

5

> The Commissioner's decision is subject to judicial review in accordance with the California Code of Civil Procedure. Cal Ins Code § 10291.5(h).

Brazina at 1167. Rather, State Farm argues that DOI is a sham defendant because Sukin's claim against DOI is untimely. Doc #20.

"Ordinarily, courts do not consider a nondiverse defendant's defenses on the merits in determining whether that defendant's joinder was 'fraudulent.'" William W Schwarzer, A Wallace Tashima, James M Wagstaffe, Federal Civil Procedure Before Trial, § 2:672.2 (Rutter Group, 2007) (citing Ritchey v Upjohn Drug Co, 139 F3d 1313, 1318-19 (9th Cir 1998). The result is different where under state law the defense is a procedural bar to the action regardless of its merits, such as the statute of limitations under California law. Id. In Ritchey, the Ninth Circuit found that a statute of limitations bar constituted fraudulent joinder. Id at 1320. The Ritchey court concluded that "under California law no cause of action was stated" because the statute of limitations is a "kind of procedural bar, and not one which relates to the merits of the case," and because defendants may file a demurrer in state court based on the statute of limitations. Id at 1319-20. This court finds that even under Ritchey, the defenses asserted by State Farm fail to establish fraudulent joinder.

A

State Farm argues that Sukin's claim against DOI is untimely under Cal Ins Code § 10291.5(h), Cal CCP § 1094.6 and Cal CCP § 338(a). Doc #1 at 3-4. The court addresses each code section below.

\\

\\

6

Cal Ins Code § 10291.5(h) states:

> [A]ny action taken by the commissioner under this section is subject to review by the courts of this state and proceedings on review shall be in accordance with the Code of Civil Procedure.
>
> Notwithstanding any other provision of law to the contrary, petition for any such review <u>may</u> be filed at any time before the effective date of the action taken by the commissioner. No action of the commissioner shall become effective before the expiration of 20 days after written notice and a copy thereof are mailed or delivered to the person adversely affected, and any action so submitted for review shall not become effective for a further period of 15 days after the filing of the petition in court.

Cal Ins Code § 10291.5(h) (emphasis added). Here, the Commissioner approved the policy language at issue in Sukin's policy on January 17, 1995. Doc #1 at 3, Ex 3. Pursuant to Cal Ins Code § 10291.5(h), that approval became effective not more than 20 days later, i e February 6, 1995. Accordingly, State Farm argues, Sukin's complaint, filed on April 20, 2007, is more than 12 years late. Doc #1 at 4.

The court disagrees. In <u>Brazina</u>, supra, Judge Patel of this district addressed the identical argument. <u>Brazina</u> involved an insurance bad faith claim arising under California law. The insured brought suit against the insurer and also named DOI as a defendant, asserting claims for a writ of mandamaus and declaratory relief, contending that the Commissioner should not have approved the pertinent policy language. The insurer removed the case, and the insured moved for remand. Judge Patel ordered remand first finding that a petition for mandamus against DOI was a valid cause of action. Judge Patel also addressed and rejected the insurer's argument that the limitations period provided by Cal Ins Code

7

§ 10291.5(h) had passed. The court found that the language of the statute was "permissive" and not mandatory and that there was no need to challenge the Commissioner's action prior to the effective date of the action:

> [S]ection 10291.5 provides that a petition *may* be filed before the effective date. In fact, it seems likely that a California court would interpret the language to allow this action to proceed. A recent appellate decision determined that almost identical statutory language in another section of the Insurance Code simply provides an alternative means of review. * * * Noting that California courts are ordinarily unable to review an action that is not final, the court found that the "permissive" language of the provision created "an opportunity for review" of such actions. The provision did not, however, bar plaintiffs from petitioning for a writ of mandamus thereafter.

Brazina at 1170-71 (citations omitted). Accordingly, Sukin's claim against DOI is not untimely under Cal Ins Code § 10291.5(h).

Cal CCP § 1094.6 governs "judicial review of any decision of a local agency" and states that "such petition shall be filed not later than the 90th day following the date on which the decision [of the agency] becomes final." Because the Commissioner's approval of the policy became effective on February 6, 1995, State Farm argues, Sukin had until May 7, 1995 to bring his petition for mandamus. Doc #20 at 4. Again, the court disagrees. As Sukin points out, Cal CCP § 1094.6 pertains solely to judicial review of the act of a "local agency." DOI is not a local agency. See Cal Gov Code § 54951 ("'[L]ocal agency' means a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency.")

\\

State Farm's above two arguments fail for an independent reason. As Sukin points out, a plaintiff must have standing before bringing an action in California court. Doc #14 at 8.

> Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute. The issue of whether a party has standing focuses on the plaintiff, not the issues he or she seeks to have determined. A person who invokes the judicial process lacks standing if he, or those whom he properly represents, does not have a real interest in the ultimate adjudication because [he] has neither suffered nor is about to suffer any injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented.

Blumhorst v Jewish Family Services of Los Angeles, 126 Cal App 4th 993, 1001 (2005) (citations and internal quotes omitted). Here, Sukin did not acquire the policy until August 18, 2000 and was not denied coverage until March 18, 2003. Doc #1, Ex 1. Accordingly, State Farm's position that Sukin was required to bring his claim against DOI in 1995 is untenable. Under California's standing requirements, the earliest date on which Sukin could have brought his claim was March 18, 2003.

State Farm next argues that Sukin's claim against DOI is time-barred under Cal CCP § 338, which creates a three-year limitations period for "an action upon a liability created by statute." As discussed above, Sukin's claim against DOI is premised on Cal Ins Code § 10291.5, which subjects the Commissioner to judicial review over his approval of insurance policies. Accordingly, State Farm argues, Sukin was required to bring his claim against DOI within three years of February 6, 1995. Doc #20 at 6. This is incorrect. As discussed above, Sukin did not have standing to bring this action until March 18, 2003 at the earliest. See also Sullivan v Unum Life Ins Co of America, 2004 WL 828561, 4

9

(ND Cal) ("It seems unfair to hold categorically that Plaintiff had notice of the way defendants would administer the policy before [defendant insurer] denied him benefits.")

B

State Farm argues in the alternative that, even if the three-year period under Cal CCP § 338(a) started to run as of the date that coverage was denied, Sukin's claim would still be untimely. State Farm first denied coverage on March 18, 2003. But Sukin did not file his complaint until April 20, 2007, over four years later. Apparently in recognition of this defect, Sukin included the following statement in his complaint:

> During the adjustment of Plaintiff's disability insurance claim, from March 15, 2003 through the present, Mr SUKIN has been in severe, mind numbing pain, and has been required to take narcotic and other pain medications, including through a surgically inserted pain medications pump, to control the pain. During this time, Mr SUKIN suffered severe psychological distress, as his lack of disability benefits caused him to sell first one family home, then sell a second, replacement family home, remove his children from school and move from the San Francisco Bay Area. As a direct result of Mr SUKIN's severe pain, extensive pain medications, the above misrepresentations and psychological distress, Mr SUKIN lacked the mental capacity to have a full understanding of his rights, and to deal with the Defendants' disability insurance POLICY and Defendants' actions thereunder, and was not mentally competent to understand the nature, purpose and effect of the POLICY, Plaintiff's obligations (if any), and Defendants' action under the POLICY. As a direct and proximate result of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM INSURANCE COMPANIES' continuing to adjust Plaintiff's claim, Plaintiff's aforesaid lack of mental capacity, and the above misrepresentations, Plaintiff deferred filing suit.

Doc #1, Ex 1 ¶16. Based on this pleading, Sukin argues that the limitations period for his claim against DOI should be tolled under Cal CCP § 352, which states: "If a person entitled to bring an action, * * * is, at the time the cause of action accrued either

10

under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action." Cal CCP § 352(a).

"For purposes of Code of Civil Procedure section 352, a plaintiff is 'insane' if 'incapable of caring for his [or her] property or transacting business or understanding the nature or effects of his [or her] acts * * *'" Alcott Rehabilitation Hospital v Superior Court, 93 Cal App 4th 94, 101 (2001) (citing Pearl v Pearl, 177 Cal 303, 307 (1918)). "The term 'insane', as used in this connection, has been give a generic, rather than a technical, meaning, * * * and the exception has been held to embrace temporary unsoundness of mind as well as chronic or fixed insanity.'" Gottesman v Simon, 169 Cal App 2d 494, 499 (1959). "[T]he standard expressed in the cases, though often cast in terms of 'mental derangement,' actually requires only some mental condition which renders the plaintiff incapable." Feeley v Southern Pacific Transportation Co, 234 Cal App 3d 949, 952-53 (1991).

State Farm argues that Sukin's allegations are insufficient for tolling purposes because Sukin fails to plead specifically that he was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." Doc #20 at 9. But the court finds that Sukin's complaint sufficiently pleads tolling. "[T]he allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties." Heckendorn v City of San Marino, 42 Cal 3d 481, 486 (1986) (quoting Youngman v Nevada Irrigation Dist,

11

70 Cal 2d 240, 244-245 (1969)). The court also notes that "doubt arising from merely inartful, ambiguous, or technically defective pleadings should be resolved in favor of remand." Lewis v Time, Inc, 83 FRD 455, 460 (ED Cal 1979).

As mentioned above, "the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." Good v Prudential Ins Co of America, 5 F Supp 2d 804, 807 (ND Cal 1998). State Farm presents three pieces of evidence in an attempt to make this showing. First, State Farm submits a report prepared by Sukin's health care provider on March 18, 2003, noting that: "Mr Sukin is actually doing somewhat better at work. His behavior is gradually coming under control. He is working extensively with Dr Rome. Overall, I am optimistic that Mr Sukin will continue to show some significant improvement." Doc #21, Ex 1. But as Sukin points out, this document contains inadmissible hearsay. Even if the court could consider the statement, it fails to establish conclusively that Sukin was not suffering from a condition of the mind that rendered him incapable for tolling purposes.

State Farm also submits documents from its claim files recording telephone conversations between State Farm and Sukin on March 14, 2003, March 21, 2003, June 20, 2003, July 1, 2003 and August 5, 2003. Id, Ex 2. These recordings show Sukin communicating with State Farm about his claim for benefits. Id. Finally, State Farm submits a letter dated January 30, 2004 sent to State Farm from an attorney named Alfred Buchta who had been "retained to represent the interests" of Sukin in connection with

12

1   his benefit claims under the policy. Id, Ex 3. Sukin argues that
2   these documents also contain inadmissible hearsay. The court
3   disagrees. See FRE 801(d)(2) (admissions by party-opponent or
4   agent of party-opponent are not hearsay); FRE 803(6) (business
5   records exception). But again, these documents fail to establish
6   conclusively that Sukin's claim against DOI was not tolled. Hiring
7   an attorney and communicating with an insurance company are not
8   clear and convincing proof of Sukin's capacity to care for his
9   property AND transact business AND understand the nature and effect
10  of his acts. It is feasible that a person would engage in these
11  acts without understanding their nature and effect. See <u>Hsu v Mt
12  Zion Hospital</u>, 259 Cal App 2d 562 (1968) ("[T]he basic question
13  [under Cal CCP § 352] is whether the allegedly insane plaintiff is
14  sufficiently aware of the nature or effects of his acts to be able
15  to comprehend such business transactions as the hiring of an
16  attorney and the instigation of a legal action.") Indeed, the
17  record of Sukin's August 5, 2003 call with State Farm shows Sukin
18  stating that "he [was] still in so much pain" and "he [did] not
19  have the strength right now to pursue a claim for his injuries" and
20  "he could not handle that right now." Doc #21, Ex 2 at 29-30.
21          State Farm argues that "a party who is represented by an
22  attorney cannot toll the period of limitations because he or she is
23  deemed to have constructive knowledge of the statute of limitations
24  governing distinct causes of action." Doc #20 at 12. State Farm
25  cites <u>Associated Truck Parts, Inc, v Super Ct</u>, 228 Cal App 3d 864,
26  867-70 (1991) and <u>Pugh v State Farm Insurance Companies</u>, 227 Cal
27  App 3d 816 (1991) for this proposition. But these cases address
28

whether an insurer had an obligation under Cal Ins Code §§ 11583 and 11580.2 to notify the insured of pertinent time limits after the insured had retained counsel. Under these sections of the Insurance Code, failure to provide notice of the applicable statute of limitations to a claimant who is unrepresented by counsel will toll the running of the statute. State Farm cites no cases, and the court was unable to find any, addressing whether an attorney's involvement ends the tolling of the limitations period in cases of mental incapacity. Indeed, the court can appreciate why an attorney would wait to file suit until his client fully understood the effect of that action.

Based on the above considerations, the court finds that Sukin's lawsuit is not barred by well-settled rules of existing state law. The court cannot conclude that DOI is a sham defendant, whose presence should be disregarded for purposes of establishing diversity jurisdiction. Because State Farm bears a heavy burden of establishing the presence of sham defendants, because Sukin has avowed his desire to seek individual liability against DOI and can, undoubtedly, so seek liability under Cal Ins Code § 10291.5, the court determines that State Farm has not carried its burden of demonstrating the existence of removal jurisdiction.

IV

The court, therefore, determines that State Farm has not satisfied its burden of demonstrating that DOI is a sham defendant. As a result, this matter must be remanded to state court, as complete diversity of citizenship is lacking. The court's decision

14

to remand renders moot State Farm's motion to dismiss, which may be taken up in state court. The court declines, however, to award fees and costs to Sukin. Although the court has determined that removal was not proper, State Farm's removal notice was not unreasonable.

      In sum, Sukin's motion to remand (Doc #14) is GRANTED. State Farm's motion to dismiss (Doc #3) is TERMINATED as moot. The court ORDERS this matter to be REMANDED to San Francisco superior court. The clerk is DIRECTED to close the file and terminate all pending motions.

IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

15

**PROOF OF SERVICE**
*Claudia Blake v. Unumprovident Corporation, et al.*

*U.S. District Court, Northern District of California, Case No. C07-4366 MHP*

I am a resident of the State of California, over the age of eighteen years and not a party to this action. My business address is 1050 Battery Street, San Francisco, California 94111. On November 5, 2007, I will serve the following documents:

DECLARATION OF BENNETT M. COHEN IN SUPPORT OF PLAINTIFF CLAUDIA BLAKE'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND BACK TO STATE COURT

in the manner as provided by Rule 5(b) of the Federal Rules of Civil Procedure by placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date and at the business address shown above following our ordinary business practices. I am readily familiar with this business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that a sealed envelope is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid. I am employed in the county where the mailing described below occurred, and am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed a true copy of the specified document(s) in a sealed envelope(s) with postage thereon fully prepaid. The envelope(s) will be deposited with the United States Postal Service on this day in the ordinary course of business in San Francisco, California.

**UNUM GROUP (formerly known as UNUMPROVIDENT CORPORATION) FIRST UNUM LIFE INSURANCE COMPANY (erroneously sued as UNUM CORPORATION) and NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY**
John C. Ferry, Esq.
Thomas M. Herlihy, Esq.
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Ste. 2500
San Francisco, CA 94104-4798
Phone: (415) 951-0535
Fax:    (415) 391-7808
Email: jferry@kelher.com
Email: herlihy@kelher.com

(X) **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at San Francisco, California, on November 5, 2007.

_____
Mary M. Martin

3
Case No.: C 07-4366 MHP (E-FILING)
DECLARATION OF BENNETT M. COHEN IN SUPPORT OF PLAINTIFF CLAUDIA BLAKE'S MOTION FOR REMAND BACK TO STATE COURT
