UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLAUDIA L BLAKE

              Plaintiffs,               No. C 07-04366 MHP

   v.

UNUMPROVIDENT CORPORATION, et al.    **MEMORANDUM & ORDER**
                                                          **Re: Plaintiff's Motion to Remand**

              Defendants.
_____/

      On July 19, 2007 plaintiff Claudia L. Blake ("Blake") filed a complaint in the Superior Court of California against Unum Group (formerly UnumProvident Corporation), Unum Corporation (a now non-existent entity that has been subsumed by Unum Group) and MetLife Insurance Company (successor in interest by merger to New England Mutual Life Insurance Company) (collectively "removing defendants") alleging that the removing defendants wrongfully withheld payments from Blake. Blake also brought claims against the Commissioner of the California Department of Insurance (the "Commissioner") for its approval of the policy language at issue. Now before the court is Blake's Motion to Remand. The court has considered the parties' arguments fully, and for the reasons set forth below, the court rules as follows.

BACKGROUND[1]

      In 1987, the New England Mutual Life Insurance Company issued two disability insurance policies to Blake, a certified court reporter. On July 27, 2005 Blake made a claim for total disability benefits on account of her carpal tunnel syndrome. Her claim was denied. On July 19, 2007 Blake

sued the removing defendants for breach of contract, intentional/fraudulent and negligent misrepresentation, breach of the covenant of good faith and fair dealing, insurance bad faith and intentional infliction of emotional distress.

Blake also seeks a writ of mandamus against the Commissioner compelling him to correct the policy forms previously approved by him. Blake contends that the Commissioner must approve all disability insurance policies for sale, insurance or delivery in California pursuant to Insurance Code section 10291.5. Specifically, the Commissioner is prohibited by law from approving any disability policy which is uncertain, ambiguous or likely to mislead a person to whom the policy is offered, delivered or issued. Cal. Ins. Code § 10291.5(b)(1). Furthermore, the Insurance Code prohibits disability policy provisions that are less favorable in any respect to the insured than required by law. See, e.g., id. §§ 10328, 10390. Blake contends that the Commissioner has failed to: 1) enforce the requirements of the Insurance Code with respect to the policies' definition of disability, Cal. Ins. Code § 10291.5; and 2) execute his duties with respect to claim settlement practices, id. § 790.03(h); 10 Cal. Admin. Code § 2695.1 et seq.[2]

The removing defendants removed this action to this court on August 23, 2007 on the basis of diversity of citizenship, alleging that Blake fraudulently joined the Commissioner. The parties do not dispute that Blake is a resident of California, the Unum Group is a resident of Delaware and Tennessee, and MetLife Insurance Company is a resident of New York. See generally Roth Dec. & Ferry Dec. Blake then filed this Motion to Remand on September 25, 2007.

LEGAL STANDARD

As a general rule, an action is removable to a federal court only if it might have been brought there originally. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The defendants bear the burden of proving the propriety of removal. Id.

Removal of a civil action alleging claims against a non-diverse defendant is proper when the

1  plaintiff has no basis for suing that defendant. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 98

2  (1921). "If the Plaintiff fails to state a cause of action against a resident defendant and the failure is

3  obvious according to settled rules of the state, the joinder of the resident defendants is fraudulent."

4  McCabe v. Gen. Foods Corp., 811 F.3d 1336, 1339 (9th Cir. 1987).

5      If at any time before final judgment the court determines that it is without subject matter

6  jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

8  DISCUSSION

9  I.    Threshold Issues

10     The court begins by addressing two preliminary matters. First, Blake argues that remand is

11 required because the Commissioner did not sign the Notice of Removal. The "rule of unanimity"

12 requires that all defendants in a state action must join in the removal petition. 28 U.S.C. § 1446(a).

13 A judicially created doctrine, however, provides an exception for parties who are fraudulently

14 joined. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). The removing

15 defendants petitioned for removal on the basis that the Commissioner is fraudulently joined;

16 therefore, if this court finds that there was fraudulent joinder, the Commissioner need not have

17 joined the Notice of Removal.[3]

18     Second, Blake contends the amount in controversy is not over $75,000. See 28 U.S.C. §

19 1442(b). Blake, however, seeks to recover past and future monthly disability benefits under the

20 policies. As such, she seeks disability payments for approximately ten years. At $2,000/month, this

21 claim amounts to approximately $240,000. See generally Backus Dec. Even the present value of

22 this figure clearly meets the amount in controversy requirement.[4] Therefore, Blake cannot avoid

23 federal jurisdiction because she cannot demonstrate "to a legal certainty that the claim is really for

24 less than the jurisdictional amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283,

25 288–89 (1938).

26     Having disposed of these threshold issues, the court now turns to whether remand is required

27 because Blake has a viable cause of action against the Commissioner.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

3

II.     Cause of Action

A disability policy cannot be issued in California without approval from the Commissioner. Van Ness v. Blue Cross of Cal., 87 Cal. App. 4th 364, 368 (Cal. Ct. App. 2001); see also Cal. Ins. Code § 10290. Section 10291.5 of the California Insurance Code gives the Commissioner the duty and power to disapprove certain disability insurance policies. Specifically, subparagraph (b)(1) provides that "the commissioner shall not approve any disability policy for insurance . . . if the commissioner finds that it contains any provision . . . [that] is unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is offered, delivered or issued." Cal. Ins. Code § 10291.5(b)(1). The Commissioner's decision is subject to judicial review in accordance with the California Code of Civil Procedure. Id. § 10291.5(h). Under the California Code of Civil Procedure, a "writ of mandamus may be issued by any court to any . . . person, to compel the performance of an act which the law specifically enjoins, as a duty resulting from an office, trust or station." Cal. Code Civ. P. § 1085(a).

The Ninth Circuit has stated in dicta that an insured may petition for a writ of mandamus requiring the Commissioner to revoke approval of a policy if the insured believes the Commissioner abused his discretion in approving the policy under section 10291.5. Peterson v. Am. Life & Health Ins. Co., 48 F.3d 404, 410 (9th Cir.), cert. denied, 516 U.S. 942 (1995). The California court of appeals has stated the same in dicta. Van Ness, 87 Cal. App. 4th at 371–72. This court has explicitly held that an insured may petition for a writ of mandamus requiring the Commissioner to revoke approval of a policy if the insured believes the Commissioner abused his discretion in approving the policy under section 10291.5. Brazina v. Paul Revere Life Ins. Co., 271 F. Supp. 2d 1163 (N. D. Cal. 2003). This sentiment is echoed by multiple other decisions in the Northern District of California. See, e.g., Sullivan v. Unum Life Ins. Co. of Am., No. C 04-00326 MJJ, 2004 WL 828561 (N. D. Cal. April 15, 2004) (Jenkins, J.); Maiolino v. UnumProvident Corp., No. C 04-00407 SI, 2004 WL 941235 (N. D. Cal. April 29, 2004) (Illston, J.); Hangarter v. Paul Revere Life Ins. Co., No. C 05-04558 WHA, 2006 WL 213834, at *4 (N. D. Cal. Jan. 26, 2006) (Alsup, J.); Sukin v. State Farm Mutual Ins. Co., No. C 07-02829 VRW (N. D. Cal. Oct. 12, 2007) (order

4

granting remand) (Walker, J.).[5]

In Brazina, this court held that a plaintiff's claim for a writ of mandamus against the Commissioner defeats diversity jurisdiction if the plaintiff alleges that the Commissioner should not have approved the pertinent ambiguous or misleading language in the policy. Specifically, the court found that the claim for a writ was appropriate when: 1) the insured had no plain, speedy, and adequate alternate remedy; 2) the Commissioner had a duty to perform; and 3) the insured had a clear and beneficial right to performance. 271 F. Supp. 2d at 1168. The court now discusses each of these factors.

First, no alternate remedies seem to exist as the Insurance Code does not provide for an administrative avenue to contest the Commissioner's approval of a policy form. As stated in Brazina, the ability of insured's to complain under section 12921.3 of the Insurance Code is not a method of administrative appeal. Id. at 1168–69.[6] Second, under Insurance Code section 10291.5(b)(1) the Commissioner has a duty not to approve a policy term that is ambiguous or misleading. Third, Blake has a clear and beneficial right to performance because subparagraph (h) of section 10291.5 allows for judicial review of "any action taken by the commissioner under this section." Therefore, even if Blake could proceed without the Commissioner, he has a right to bring suit against the Commissioner to compel the Commissioner's adherence with section 10291.5(b)(1).

The removing defendants argue that Brazina, which relied upon Peterson and Van Ness, was incorrectly decided because the dicta relied upon from both Peterson and Van Ness was incorrect. The removing defendants' arguments in this regard, however, cannot trump the plain language of the California Insurance Code, which requires that the Commissioner disapprove certain language in insurance policies and provides for judicial review of the Commissioner's actions.

The removing defendants also make six other arguments against remand, all of which can be easily resolved. First, the removing defendants argue that since the Commissioner's approval of disability insurance policy forms is conducted in the absence of a hearing, it is not open to mandamus relief. See Cal. Code Civ. P. § 1094.5; Keeler v. Superior Court, 46 Cal. 2d 596, 599 (1956). As this court stated in Brazina, however, mandamus relief is available if an ordinary writ is

5

1 requested. 271 F. Supp. 2d at 1168. This court, like <u>Brazina</u>, finds that the writ "is likely to be an
2 ordinary writ of mandamus because there is no statutory requirement that the Commissioner conduct
3 an evidentiary hearing in order to approve an insurance policy." <u>Id.</u>

4   Second, they claim that a writ of mandamus is unavailable to control an exercise of an
5 official's discretionary act, i.e., to compel an official to exercise discretion in a particular manner.
6 <u>Common Cause v. Bd. of Supervisors</u>, 49 Cal. 3d 432, 442 (1989). Though this contention is
7 correct, Blake does not seek to compel the official's discretionary act in a particular manner.
8 Among other requests, Blake asks the court to find that the Commissioner abused his discretion by
9 approving policy language in contravention of the mandatory requirements of the Insurance Code.
10 <u>See</u> Cal. Ins. Code § 10291.5(b)(1) ("The commissioner shall not approve [language] which is
11 unintelligible, uncertain, ambiguous, or abstruse, or likely to mislead a person to whom the policy is
12 offered, delivered or issued."). Indeed, the case cited by the removing defendants, <u>Common Cause</u>,
13 allows mandamus "to correct an abuse of discretion by an official acting in an administrative
14 capacity." 49 Cal. 3d at 442.

15   Third, the removing defendants claim that the Commissioner can only provide prospective
16 relief that is not individual to Blake. This argument, however, is foreclosed by Insurance Code
17 section 10291.5(h), which allows any of the Commissioner's actions to be reviewed by a court. A
18 finding that the Commissioner abused his discretion would require him to withdraw the relevant
19 approval. Though this may not benefit Blake directly, it will benefit other similarly situated
20 individuals whose claims have not yet matured. This is similar to other private causes of action for
21 litigants that may not personally benefit from permissible injunctive relief. <u>See, e.g.</u>, <u>Donabedian v.</u>
22 <u>Mercury Ins. Co.</u>, 116 Cal. App. 4th 968, 983 (2004) (holding that the California Unfair Business
23 Competition Law allowed plaintiff to sue to enjoin the insurer's activity to benefit others even
24 though plaintiff had never been personally injured by it).

25   Fourth, removing defendants argue that diversity of citizenship exists even if a cause of
26 action can be established against the Commissioner. This is incorrect because the Commissioner, as
27 an alter-ego of the state, is not considered a "citizen." <u>See</u> <u>State Highway Comm'n v. Utah Contr.</u>
28

6

1  Co., 278 U.S. 194, 199–200 (1929); Hangarter, 2006 WL 213834, at *4.  Since the Commissioner is
2  not a citizen, the Commissioner is not covered under the ambit of the diversity statute, which only
3  applies to citizens of a different state or foreign nation.  28 U.S.C. § 1332.

4  Fifth, removing defendants claim that Blake cannot show irreparable harm as demonstrated
5  by Omaha Indem. Co. v. Superior Court, 209 Cal. App. 3d 1266, 1274 (1989).  Omaha is
6  distinguishable as it did not involve writs against governmental agencies.  See Brazina, 271 F. Supp.
7  2d at 1168 n. 7.  Furthermore, none of the case law in this district has required irreparable harm as a
8  prerequisite to suit.

9  Sixth, removing defendants claim that Blake evidences bad faith in joining the
10 Commissioner since no other cases brought by Blake's attorneys has ever proceeded to trial against
11 the Commissioner.  Even if this was true, the fact that cases have not proceeded to trial does not
12 trump the legal significance of the viable cause of action against the Commissioner.

13 Thus, Blake has a valid claim against the Commissioner for a writ of mandamus for the
14 Commissioner's alleged abuse of discretion by, among other things, failing to enforce "the
15 mandatory minimum requirements of the Insurance Code with respect to policy definitions of
16 disability, and related policy provisions" when approving Blake's policy for sale in California.
17 Complaint, ¶ 90.  This is so even though the court is unconvinced that Blake intends to pursue her
18 cause of action against the Commissioner.  See McCabe, 811 F.2d at 1339 ("Fraudulent joinder is a
19 term of art.  If the plaintiff fails to state a cause of action against a resident defendant, and the failure
20 is obvious according to the settled rules of the state, the joinder of the resident defendant is
21 fraudulent.").

22 Blake's argument that the Commissioner was granted an extension to answer because Blake
23 does not want to waive her right to state court jurisdiction is without merit.  Since the state court is a
24 court of general jurisdiction, Blake can not waive her right to state court jurisdiction.  This ill-
25 conceived argument seems to this court to be an attempt to hide Blake's true intentions, which do
26 not involve pursing this case against the Commissioner.  Nevertheless, since Blake has presented a
27 cognizable claim against the Commissioner, the court now turns to whether the claim is time-barred.
28

7

III.   Statute of Limitations

"[T]echnically, a [statute of limitations] defense is not part of the cause of action itself." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319 (9th Cir 1998). Nevertheless, since "defendant may file a demurrer to a complaint on the theory that the complaint 'does not state facts sufficient to constitute a cause of action'" and since this principle applies to the statute of limitations defense, the Ritchey court held that no cause of action can be stated if the statute of limitations has run. Id. (quoting Cal. Code Civ. P. § 430.10(f)). This court must therefore determine if the claims asserted against the Commissioner are time-barred.

Actions brought against the Commissioner must conform to the California Code of Civil Procedure. Cal. Ins. Code § 10291.5(h). There is no argument that the relevant statute of limitations is three years. The argument is about when the statute begins to run. Removing defendants claim that the statute of limitations begins when the policy is purchased. See Borsuk v. Mass. Mutual Ins. Co., No. C 03-00630 VRW, 2003 U.S. Dist. LEXIS 25259 (N. D. Cal. Sept. 4, 2003) (Walker, J.) (holding that the statute begins to run against the Commissioner when the policy is purchased); but see Sukin v. State Farm Mutual Ins. Co., No. C 07-02829 VRW (N. D. Cal. Oct. 12, 2007) (order granting remand) (Walker, J.) (holding that the statute begins to run against the Commissioner when the claim was denied by the insurer). This proposition has been rejected by this district on multiple occasions. In Sukin, the court declined jurisdiction because California courts have not decided the statute of limitations matter and because of the general presumption against removal jurisdiction. Order granting remand, at *15–*16.[7] The Sukin court granted remand even though plaintiffs claim against the Commissioner was tenuous. Id. Similarly, in Sullivan, the court found that plaintiff did not have notice as to how defendant insurer would administer the policy before benefits were denied. The court thus held that fairness requires that the statute of limitations run from the date the insurer denies the claim. 2004 WL 828561, at *11. Finally, in Maiolino, the court ordered remand based upon the same rationale as Sukin. 2004 WL 941235, at *5. In sum, the removing defendants cannot establish that it is obvious under settled rules of existing state law that Blake's action against the Commissioner is time-barred.

The above holding is bolstered by constitutional standing requirements. In order to satisfy the standing requirement, plaintiff must have suffered an injury or be about to suffer an injury. Schmier v. Supreme Court, 78 Cal. App. 4th 703, 708 (2000). Language in an insurance policy, however, may be interpreted in myriad ways and a potential plaintiff will be unaware of any potential injury until her claim is denied. Thus, potential ambiguities in the policy terms will not be apparent to the insured when the policy terms were approved by the Commissioner or when the insured bought the policy. Therefore, no actual controversy exists until the insured and the insurer disagree as to the definition or application of a policy term; this is the act that triggers the statute of limitations. Furthermore, any other scheme would be wasteful. If the statute of limitations were to begin when the policy is issued, courts would have to construe every vague term in the policy ex-ante as opposed to an ex-post analysis of the particular term that leads to the controversy, and the controversy would be speculative at best and not concrete.[8]

The removing defendants argue that the statute of limitations for Blake's claims against the Commissioner cannot be dependent upon the acts of the insurer, a third party. Blake, however, did not suffer the alleged harm when she bought the policy. At that time, she was unaware that any term would be construed in a conflicting manner. She suffered the harm only when the insurer denied her coverage. Removing defendants' arguments, therefore, do not take into account the case or controversy requirement that must be present when bringing suit. The court is therefore unconvinced that the statute should begin to run before a case or controversy is present.[9]

In sum, the cause of action against the Commissioner is not time-barred.

IV.   Costs and Fees

Under 28 U.S.C. section 1447(c), it is within the court's discretion to order costs and fees. Blake points to no Ninth Circuit authority justifying an award for costs and fees. Furthermore, even though the court has determined that removal was not proper, removing defendants' removal notice was not unreasonable. At this time, plaintiff's request for costs and fees is therefore DENIED. However, defendants have regularly removed these actions despite remand orders reflecting the

9

same arguments in a number of similar cases. Nor have defendants sought review by way of mandamus of these orders. Further removals of similar actions that are remanded on the same or similar grounds may well result in fees and costs in the future.

CONCLUSION

    Plaintiff Blake's motion to remand is GRANTED.

    IT IS SO ORDERED.

Dated: November 19, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. All facts in this section are taken from Blake's complaint, unless otherwise noted. The court hereby takes judicial notice of the original complaint and the exhibits thereto. See Cal. Evid. Code § 452(d)(1) (judicial notice may be taken of records of any court of this state).

2. The court holds that remand is warranted based on the provisions of Insurance Code sections 10291.5(b)(1) and 10291.5(h) and therefore does not reach the issues related to Insurance code section 790.03(h) and the Fair Claims Settlement Practices Regulations, 10 Cal. Admin. Code § 2695.1 et seq.

3. In light of the court's decision, the procedural issues related to the late filing are moot. A motion for remand based upon a lack of subject matter jurisdiction may be filed at any time during the proceedings. See 28 U.S.C. § 1447(c).

4. This figure does include amounts Blake paid as policy premiums. Blake also alleges other causes of action, including the tort of intentional infliction of emotional distress, and the potential for recovery under these causes of action further bolster the court's finding that the minimum amount in controversy requirement has been met.

5. The court hereby takes judicial notice of the order granting remand by Judge Walker in Sukin under California Evidence Code § 452(d)(1) (judicial notice may be taken of records of any court of this state). See Cohen Dec., Exh. A.

6. Removing defendants point to no code provisions for their contention that Blake may request administrative action. Moreover, in the absence of the availability or adequacy of administrative appeals, the rule requiring exhaustion does not apply. See Brazina, 271 F. Supp. 2d at 1171; Tiernan v. Trustees of Cal. State Univ. & Colleges., 33 Cal. 3d 211, 217 (1982).

7. The court takes judicial notice of Exhibits A–C of the Ferry declaration. See Cal. Evid. Code § 452(d)(1). The relevance of these non-final orders, however, is unclear to the court.

8. Blake's argument that a different trigger date for the statute of limitations would lead to advisory opinions is without avail. Cases could only be brought before the court if there was a disagreement as to the construction of the policy terms. It is possible that such a disagreement could satisfy the case or controversy requirement. Indeed, declaratory judgments are used for exactly this purpose.

9. This decision obviously does not create an infinite statute of limitations because the three-year statute begins to run the day there is a live disagreement about the definition of policy terms.